Johnson vs. Pugh.

*By the Court.*— Judgment affirmed.

JOHNSON, Respondent, vs. PUGH, Appellant.

*March 23 — April 9, 1901.*

*Contracts: Ambiguity: Parol evidence: Appeal.*

1. Where there is no ambiguity in a contract, either in its literal sense or when applied to the subject thereof, it must speak for itself entirely unaided by extrinsic matters.

2. Where ambiguity does exist, evidence of the circumstances under which the contract was made is proper to enable the court, in the light thereof, to read the contract in the sense the parties intended, if that can be done without violence to the rules of language or of law.

3. In such case, the rule is limited to proof of the situation of the parties and the circumstances characterizing the making of the contract: it does not extend to mere conversations between the parties leading up to the completion of the agreement. *Steele v. Schricker,* 55 Wis. 134, followed.

4. Where there is no serious controversy that the construction of a building was in fact defective, and that the defects were noticeable to some extent at the time of an alleged settlement with the builder, the testimony of the owner that the settlement was conditional on the remedying of the defects by the builder is *held* sufficient to sustain a finding on that question in favor of the former, although he had slept upon his rights until the statute of limitations had nearly run on his claim.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action for damages for breach of contract for the construction of a building. The complaint stated that a contract was made between plaintiff and defendant April 1, 1893, whereby the latter for value agreed to construct for the former a two-story frame building with basement, in a good, workmanlike manner, the superintendency and manner of construction to be left to defendant; that plaintiff performed his part of the contract; that defendant constructed and delivered a building under the contract, but it failed to satisfy the requirements thereof in several particulars, specifically pointed out, to the damage of plaintiff in the sum of $2,000.

Defendant answered admitting the making of a contract for the construction of the building which was delivered to plaintiff, and alleging that such contract called for a building according to certain plans and specifications; that it was constructed in accordance therewith, except changes and

additions made by agreement during the progress of the work; that it was completed about July 15, 1893; that plaintiff thereafter accepted it in full satisfaction of the contract on defendant's part, and that there was a full settlement of all transactions under the contract, at which time plaintiff paid defendant the balance of the contract price.

The evidence showed beyond dispute that the building contract was in writing and had been lost. Defendant offered evidence of the negotiations leading up to the preparation and execution of the contract, and the circumstances thereof, which was rejected, due exception being taken to the ruling of the court in that regard. There was evidence tending to show that when the settlement was made defects in the structure, of the kind of or which developed those complained of, were recognized to exist, and that defendant was paid with the express understanding and agreement that the building should not be accepted as it stood, but that such defects should be made good by defendant. There was also evidence to the effect that, after the settlement, defendant recognized his obligation to remedy such defects. There was evidence on the other hand tending to show that the settlement was full and complete at the time defendant received his pay. Evidence was produced of the existence of defects in the building and the reasonable cost of remedying the same. The controverted questions were submitted to the jury under instructions by the court. They found that the settlement was conditional as claimed by plaintiff, that there was a breach of the contract on defendant's part, and that plaintiff's damages therefrom were $300. Judgment was rendered upon the verdict, the questions discussed in the opinion being properly reserved for review on appeal.

The cause was submitted for the appellant on the brief of *Sanborn, Gleason & Sleight*, and for the respondent on that of *Geo. P. Rossman.*

MARSHALL, J. The principal complaint made by appellant's counsel is that the trial court refused to allow evidence in his behalf of the circumstances leading up to and attending the making of the building contract and what was said between the parties. Counsel seem to have an erroneous idea of the rule they invoke. It is not as broad as. they suppose, nor does it apply except where there is room for judicial construction. " We understand," say counsel, " that testimony of the circumstances surrounding and leading up to the making of a written contract is always admissible, not for the purpose of changing or varying the terms of the written contract, but for the purpose of putting the court in the circumstances of the parties at the time of the making of the contract." Not so! Where there is no ambiguity in the contract, either in its literal sense or when it is applied to the subject thereof, it must speak for itself entirely unaided by extrinsic matters. Where such ambiguity does exist, then evidence of the circumstances under which the contract was made is proper to enable the court in the light thereof to read the instrument in the sense the parties intended, if that can be done without violence to the rules of language or of law. *Sigerson v. Cushing*, 14 Wis. 527; *Nilson v. Morse*, 52 Wis. 240; *Lyman v. Babcock*, 40 Wis. 503; *Nash v. Towne*, 5 Wall. 689; *Merriam v. U. S.* 107 U. S. 437; *Minnesota L. Co. v. Whitebreast C. Co.* 160 Ill. 85. There was no claim in this case that there was need for judicial construction, therefore, obviously, the evidence offered was properly rejected. The meaning of the language used in the contract was free from obscurity, hence the reason why it was framed as it was has no significance whatever.

As before indicated, the rule of construction relied upon is not as broad as claimed. It is limited to proof of the situation of the parties and the circumstances characterizing the making of the contract. It does not extend to mere

conversations between them leading up to the completion of the agreement. That is elementary. In *Steele v. Schricker*, 55 Wis. 134, this court used language that so perfectly answers counsel's contention as to much of the evidence that was rejected, that we cannot do better than to repeat it as part of this opinion:

" Oral conversations had between the parties to a written contract cannot be received as explanatory of the writing. Such conversations do not come within the rule that 'you may show the facts surrounding the parties at the time, and the situation in which they were placed in order to interpret the meaning of what they say in the contract.' Professor Greenleaf says: 'Evidence which is calculated to explain the subject of an instrument is essentially different in its character from evidence of verbal communications respecting it.' Conversations between the parties previous to making the written contract are clearly verbal communications respecting it, and must be excluded as such."

The only other complaint made is that the verdict is contrary to the evidence because such evidence was all one way to the effect that there was no defect in the building when respondent took possession thereof, and that the parties made full settlement of all matters relating to it. We do not so read the evidence. Respondent testified positively that he complained of defects in the building when he settled with appellant, and that it was then agreed between them that appellant would remedy such defects. He said: 'When I settled up with him he and I went into the cellar. He said there was not support enough. I did not say anything. I told him I wanted some more,— wanted him to fix it, which he said he would. Since that I have waited relying on his promise. I have spoken to him every year since about it. When he agreed to fix the building in 1893 he said there was not support enough.' There was more evidence of the same nature. True, it was controverted, and there were circumstances tending to discredit it, but the jury believed it and concluded that the settlement with ap-

pellant was conditional upon his remedying the defects referred to, and we are unable to say that such conclusion is not within reasonable probabilities. True, it is singular that respondent slept upon his rights till they were about to be extinguished by the statute of limitations, if his story is true, but we cannot say that is a conclusive circumstance in determining the credibility of his evidence. There was no serious controversy but that the building was in fact defective, and no reasonable controversy but that the defects were noticeable to some degree at the time of the alleged settlement. Under the circumstances the testimony of respondent, that he required appellant to agree to remedy the defects as a condition of obtaining the balance of the contract price, is at least as reasonable as appellant's story that respondent waived an obvious breach of the contract which rendered his building of much less value than the one the contract called for.

*By the Court.*— The judgment is affirmed.