LOPER, Appellant, vs. ESTATE OF SHELDON, Respondent.

*November 18—December 11, 1903.*

*Contracts for services: Ambiguity: Statute of frauds: Void contract as evidence: Presumptions: Limitation of actions.*

1. Where the literal sense of the words of a contract shows no serious ambiguity, and may be taken either of two ways, one of which will render it void, and the other not, the latter is to be preferred.
2. Ambiguity requiring judicial construction may as well arise from applying the contract to the subject matter thereof as from the literal sense of the word.
3. In such case, in aid of determining the intention of the parties, the agreement may be considered from the precise standpoint, as regards surrounding circumstances, of the parties at the time of entering into the same, and the meaning which they subsequently, by their conduct, ascribe thereto.
4. Plaintiff alleged an oral contract whereby she was to remain and serve decedent and his wife faithfully as a daughter, during their lives, or until she should arive at the age of twenty-one years, or be married, and in consideration thereof she should be rewarded by maintenance and education during such time, and a provision out of decedent's property, such as he would bestow on an own faithful daughter. When the contract was made decedent's property consisted largely of real estate, and all parties had in view, in a general way, such or similar property. *Held*, that the agreement clearly contemplated that the property which was to be subject of bestowal upon plaintiff would be, in part, realty, and the contract was therefore within

the condemnation of sec. 2304, Stats. 1898, requiring all con-
tracts for the sale of any lands or interests therein to be in
writing.

5. In such case, while the contract cannot be used as the basis for
computing the amount plaintiff is entitled to recover *quantum
meruit*, it is effective to rebut the legal presumption that her
services were gratuitously rendered.

6. In such case, plaintiff's right to recover being limited to a cause
of action upon implied contract, such right matured and was
enforceable the instant the services were completed, no de-
mand was necessary to set the statute of limitations in motion
and it began to run from that time.

APPEAL from a judgment of the circuit court for Fond du
Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

*Abbie Strong Loper,* in the matter of the settlement of
the estate of Robert Sheldon, deceased, in the county court
of Fond du Lac county, filed a claim for $10,000, stating for
facts in support thereof, that in May, 1877, she, then a child
of eleven years, went to reside with the deceased and his
wife, who had no children of their own, under a contract
wherein it was stipulated that she should so remain and serve
them faithfully as a daughter during their lives or until she
should arrive at the age of twenty-one years or be married,
and in consideration thereof that she should be rewarded by
maintenance and education during such time, such as they
would bestow upon an own daughter if they had such; and
further by a provision out of Mr. Sheldon's property, such
as he would bestow upon a faithful, affectionate daughter,
to wit: the bulk of all the property he possessed, which, at
the time of the making of the contract, was of the value of
about $15,000; that she fully performed all the terms of
such contract on her part, residing with the Sheldon family
till September 5, 1888, when she was married; that Mr. Shel-
don failed to perform the conditions of such contract on his
part in that he did not maintain and educate the claimant
as a daughter, and died without making any provision for
her out of his property; that the reasonable value of the prop-

·erty promised to her was, at the time of Mr. Sheldon's death, the sum of $10,000. The facts alleged in regard to the con-tract were put in issue in the county court by the executor ·of Sheldon's will, and the six-years statute of limitations was pleaded as a bar to the plaintiff's claim. Such proceedings were thereafter duly had in respect to the matter that the ·claim was allowed at the sum of $1,050.

The executor appealed to the· circuit court, where a trial was had, the disputed matters of fact being submitted to a jury, resulting in a finding, first, that plaintiff resided with the deceased and his wife as·alleged in her claim, under a contract substantially of the tenor and effect therein set forth; that the reasonable value of the deceased's estate at the time ·of his death was $20,000; that Sheldon breached such con-tract as stated in the plaintiff's claim; that the reasonable ·value of her services rendered· under such contract, on the basis of the terms thereof, was $10,000; and that the reason-able value of such services independently of the contract, over ·and above the benefits she received from Mr. Sheldon while residing in his family, was $260. Upon such verdict plaintiff moved for judgment for $10,000, and defendant moved for ·judgment dismissing the plaintiff's claim with costs. The first motion was denied. The verdict was amended by with-·drawing therefrom the element that plaintiff agreed to serve Sheldon and his wife during their lives, leaving the stipula-tion as regards residence with them, that it should continue till she arrived at the age of twenty-one years or should be married; the change being made upon the ground that there was no evidence to establish the element so withdrawn. The court held, upon the evidence and the verdict, that the con-tract was not void under sec. 2307, Stats. 1898, as being a ·verbal agreement which by its terms was not to be performed ·within one year; that it was a verbal agreement to convey realty by devise, and void under sec. 2304, Id.; that such being the case, the limit of the plaintiff's right·in any event

would be to recover the reasonable value of her services over·
and above the benefits received by her upon an implied prom-
ise, which reasonable value was assessed by the jury at $260;.
that her right to recover upon such implied contract matured
more than six years before Sheldon died, and was therefore·
barred ·by the six-years statute of limitations (sec. 4222,.
Stats. 1898). Judgment was rendered accordingly, and.
plaintiff appealed.

For the appellant there were briefs by *Carter & Pedrick,*.
and oral argument by *Geo. W. Carter* and *S. M. Pedrick.*

For the respondent there was a brief by *Reed & Reed,* at-
torneys, and *Swett & Ecke,* of counsel, and oral argument by
*H. E. Swett* and *Roy Reed.*

MARSHALL, J. The view we take of this case renders two·
questions pressed upon our attention in the briefs of counsel
immaterial to the final solution of the rights of the parties.
They are these: (1) Did the court err in changing the ver--
dict, eliminating the element as regards its having been
agreed that appellant should reside with Mr. and Mrs. Shel-
don during their lives? (2) Is the contract, as appellant
claims it was made, void under the statute of frauds because
not in writing and by its terms not .to be performed within
one year? For the reason given we will pass such questions.
without further notice.

The all-important question presented by appellant is, Did
the trial court err in holding that the contract was one creat-
ing an obligation to convey real estate by devise? If such is.
the nature thereof, it is plainly void under sec. 2304, Stats.
1898, providing:

"Every contract . . . for the sale of any lands or any
interest in lands shall be void unless the contract or some
note or memorandum thereof, expressing the consideration,.
be in writing and be subscribed by the party by whom the·
. . . sale is to be made or by his lawfully authorized
agent."

The call thereof, for a contract respecting realty to be in writing, is wanting in the one before us. Therefore, the vital question for us to solve is, does the contract here deal with realty? We must solve it by familiar rules for judicial construction. The literal sense of the words shows no serious ambiguity, it is true, and, if we were not permitted to go further, the rule would prevail that where words of a contract may be reasonably taken in either of two ways, one that will render it void and one that will not, the latter is to be preferred. *Hunt v. Stinson,* 101 Wis. 556, 77 N. W. 901. But ambiguity requiring judicial construction may as well arise from applying the contract to the subject-matter thereof as from the literal sense of the words. *Ullman v. C. & N. W. R. Co.* 112 Wis. 150, 163, 88 N. W. 41; *Johnson v. Pugh,* 110 Wis. 167, 170, 85 N. W. 641. In either case, in aid of determining the intention of the parties, which of course must govern if within the reasonable scope of their words, the agreement may be considered from the precise standpoint, as regards surrounding circumstances, of the parties at the time of entering into the same (*Johnson v. Pugh, supra*), and the meaning which they subsequently, by their conduct, ascribed thereto.

Turning to the evidence we find that it is undisputed that when the contract was made Sheldon's property consisted largely of real estate, and all parties concerned had in view, in a general way, such property: either the precise property then owned by Sheldon or similar property as regards being mixed realty and personalty. There is other evidence showing that, during the time appellant was performing under the contract, that which she was expected to have a share of was property which Sheldon then possessed, or property of like character. As Sheldon himself put it, the property left when "they got through with it." Probably the contract did not go so far as to so impress the property owned by him when the contract was made as to preclude his selling it or dealing

with it in any other way he might see fit, as owner, subject
to the obligation that appellant should in the end have a
share of all he possessed, whether real or personal. It is suffi-
cient for the purposes of this case that the agreement clearly
contemplated that the property which was to be the subject
of bestowal upon her would be realty and personalty. That
such was the case there seems to be little room to doubt. That
being so, the question of whether the contract falls within the
condemnation of sec. 2304, Stats. 1898, is ruled by *Ellis v.
Cary,* 74 Wis. 176, 42 N. W. 252, and *Martin v. Estate of
Martin,* 108 Wis. 284, 84 N. W. 439.

The contract under consideration in each of the foregoing
cited cases was in all essential particulars like the one before
us. In each instance it was said that the agreement estab-
lished was in part for a devise of land, and the same not being
evidenced by any writing signed by the testator was therefore
within the statute of frauds. "The fact that it included per-
sonal as well as real estate does not take it out of the statute,
even as to such personal estate. Such a contract is indivisible,
and, failing in part, the whole fails." In *Ellis v. Cary,* re-
ferred to and approved in the later case, the whole subject
now presented will be found fully discussed. Therefore,
there is no reason for going over it at this time.

The contract declared on, being void, cannot, as appel-
lant's counsel seems to suppose, form the basis for comput-
ing the amount appellant is entitled to recover *quantum
meruit.* Being void for one purpose it is void for all pur-
poses, as regards forming the basis for a right measured in
any sense by its terms. It can be legitimately referred to in
a helpful way for appellant only to rebut the legal presump-
tion that would otherwise control, that her services were
gratuitously rendered, as is generally the case when such serv-
ices are performed by one residing in the family of another
and as a member thereof. For that purpose such contract is
effective. Thus is permitted to arise the implied contract to

pay for the services rendered the reasonable value thereof under all the circumstances, such value, of course, to be determined the same as if the void contract never had existence. *Martin v. Estate of Martin, supra.* That was the view taken by the learned trial court in submitting to the jury the question to which they answered $260.

Since appellant's right to recover on the facts is limited to a cause of action upon implied contract, such right matured and was enforceable the instant the services were completed, and the six-years statute of limitations (sec. 4022, Stats. 1898) then commenced to run. Demand for payment was not necessary to set the statute in motion. As no services were rendered after September, 1888, which is much more than six years before the death of Mr. Sheldon, it will be seen that prior to such event appellant's right was extinguished by the statute, as held by the trial court. It follows that the judgment appealed from must be affirmed.

*By the Court.*—So ordered.