SPIER *v.* CITY OF KALAMAZOO.

1. SAVING QUESTION FOR REVIEW—INSTRUCTION—SUFFICIENCY.
   In an action against a city, a request by defendant for an instruction that, "in order for plaintiff to bring suit, it is incumbent on him to show that he has presented a claim to the city in accordance with the statutory requirements. He has offered in evidence a paper which he says is a claim, but in which he fixes no sum for his damages"—is not sufficient to raise the question that the claim was not presented within the time limited by the charter.

2. MUNICIPAL CORPORATIONS—ACTIONS—NOTICE OF CLAIM—SUFFICIENCY—WAIVER.
   Where a notice of claim for damages against a city was given, and was recognized and acted on by the city council without objection that it did not state the amount of damages claimed, such objection cannot be raised in an action on the claim.

3. SAME—CONTRACTS—ULTRA VIRES—ESTOPPEL.

Where a city, in consideration of its agreement to make certain street improvements, has obtained a deed of land from plaintiff for a street, and has drawn therefrom a large amount of materials for its streets, and plaintiff cannot be placed in statu quo, the fact that an insignificant part of the contract was void because ultra vires will not defeat the whole contract.

Error to Kalamazoo; Adams, J.   Submitted November 16, 1904.   (Docket No. 98.)   Decided December 30, 1904.

Assumpsit by Samuel O. Spier against the city of Kalamazoo for breach of a contract to open and grade a street. There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Harry C. Howard (William R. Fox,* of counsel), for appellant.

*A. M. & C. H. Stearns,* for appellee.

MOORE, C. J.   This is an action brought upon a contract which plaintiff claims the city made with him.   He recovered a judgment.   The case is here by writ of error.

It is the claim of plaintiff that the city desired to put a street through his property, and the street commissioner and aldermen composing the street and bridge committee entered into negotiations with him for that purpose; that he made them a proposition that if the city would open up a four-rod street from Davis street to Asylum avenue, and pave the gutters to the top of the hill, and put the street in good shape, he would give the city the right of way across his land.   The north side of Wheaton avenue was to be the center of the street through his property, and, if they turned at Short street, it was to be a certain grade at the top of the hill; and, if they went straight

through, it was to be of another grade at that point, with a 10 per cent. grade in either event to Davis street. He also claims the street and bridge committee favored the opening of the street, and the street commissioner advised plaintiff that, in order to get the matter before the council, it would be necessary to have a petition for opening the street, and directed him to the chairman of the street and bridge committee, who was present when the proposition was made, and who prepared, or caused to be prepared, a petition for the opening of a four-rod street from Davis street to Asylum avenue, and which petition, the signatures to which were obtained by Mr. Spier under instruction of city officials, was presented to the council May 20, 1895, and referred to the committee on streets and bridges, and by the committee immediately reported back favorably, and the same was adopted by the unanimous vote of the council. He further claims the city took possession of the street, caused same to be surveyed by its engineer, the grade stakes set, and at once commenced hauling out material for filling other streets in the city, which has ever since been continued by the defendant. That the proposition was known not only to the members of the street and bridge committee, but was discussed in open council. That he afterwards made a deed to the city, and the city council ratified and confirmed the contract in October, 1897, when the deed for the street was accepted. He produced testimony tending to support this claim. The claim of the city will appear in the assignments of error which its attorneys discuss. The first group of assignments of error present the questions of whether (a) the claim was presented within the time limited by the charter. (b) Do the provisions of the charter cover claims of this character? (c) Was the claim which was presented sufficiently specific as to the details of the claim, and in its statement of the amount claimed?

We deem it necessary to discuss only " a " and " b." As to " a : " It is claimed by plaintiff that no contention

was made in the court below that the claim was not presented to the city in time, but, on the contrary, a defense was interposed inconsistent with such a claim. Counsel for defendant insist such a contention was made in the court below. All that was said upon that subject in the court below is as follows:

Ninth request: "In order for the plaintiff to bring suit, it is incumbent upon him that he show that he has presented a claim to the city of Kalamazoo in accordance with the statutory requirements. He has offered in evidence a paper which he says is a claim, but in which he fixes no sum for his damages. Therefore he is not entitled to recover, as it is a condition precedent to his beginning suit that he present a claim to the city council as above set forth."

Fourteenth request: "If you find that there was no time in which the alleged contract was to be performed, then you will be justified in finding that the city of Kalamazoo has not unnecessarily delayed the performance of its contract, as in such case it might perform the contract at any time; and, if you find that it was not reasonably possible to complete the street before the beginning of this suit, then your verdict should be for the defendant—no cause of action."

Fourteenth and one-half request: "If you find that it was impracticable to lay the stone gutters and gravel the street until the abutting property was brought to a point near the street grade, then, in that event, you would be justified in finding, and you should find, that there had been no unreasonable delay on the city's part, and your verdict should be for the defendant—no cause of action."

Additional request: "The court is requested to charge that any claim under the alleged contract is barred by the statutes of limitation, and therefore the plaintiff cannot recover."

It will be observed that the ninth request does challenge the attention of the court and counsel to the infirmity in the claim which was presented, and states the infirmity to be that no sum for his damages was fixed therein by plaintiff. When this was followed by requests 14 and 14½, it is very clear neither court nor counsel was advised that objection was made because the claim was not presented in time.

The additional request to charge is to be read in the light of the fact that the statute of limitations was pleaded as a defense, and it was the claim of defendant upon the trial that the contract was made in 1895, while the suit was not begun until June, 1903, and for that reason could not be enforced.    When so read, we think it clear the additional request did not refer to the contention that the claim of plaintiff was not presented to the common council in time. Under these circumstances, we think the point cannot be urged here.

(b)  Was the claim presented to the common council too indefinite ?    May 7, 1900, Mr. Spier sent to the common council a sworn claim against the city, in which he recited at length his relations with the city, and concluded with the following :

" That by reason of the failure of said city to perform its obligations and contracts in regard to the opening of said street for five years past, that he has been greatly damaged in not being able to put his lots upon the market and to sell them, and also by the unsightly condition in which said premises have been placed by the removal of the sand, gravel, and other materials taken from his said premises, and of which the city has had the benefit; and he therefore claims that said city is indebted to him in a large sum of money on account thereof, and prays that he may be reimbursed therefor," etc.

This claim was minuted on the records of the council meeting, and referred to the committee on claims.    Mr. Spier was notified to appear before the committee, and was in attendance at the time and place mentioned, but nothing was done.    In this case the notice was given. The council recognized it was received.    A claim was made therein for damages.    No suggestion was made that it ought to be for a stated amount.    Had such a suggestion been made, it could easily have been remedied.    The claim now made is technical.    The principle involved had our attention in *Holtham* v. *City of Detroit*, 136 Mich.

17, and *Beattie* v. *City of Detroit*, 137 Mich. 319.    We do not think this defense is well taken.

The next question calling for consideration is, Was the contract ultra vires, as claimed by defendant?    This contention is based upon the claim that the contract created an indebtedness, and that the city had an indebtedness already to the limit of the amount it was allowed to create. This claim is disputed by the plaintiff.    He also contends that, even though this claim was true in 1895, it should not control this case, in view of the results which have come to the city by the transaction.    His claim is that the city has obtained a deed for a street which it retains; that it has caused to be drawn away a large amount of material for its streets, which it has not offered to return; that it has not placed plaintiff in statu quo, and the case is governed by *Coit* v. *City of Grand Rapids*, 115 Mich. 493.    In this case there is a full discussion of the defense of ultra vires, with citation of many authorities.    We think the case at bar comes within the *Coit Case*.

The other assignments of error have had our consideration, but we do not think it necessary to discuss them.

Judgment is affirmed.

The other Justices concurred.