NELSON, Respondent, vs. CHRISTENSEN, Executor, Appellant.

*May 1—May 27, 1919.*

*Executors and administrators: Claims against estate: Evidence: Interest: Limitation of actions: Computation of period: Accounts: Wills: Services rendered under void contract to devise: Recovery on quantum meruit: Frauds, statute of: Oral contract to devise: Validity: Witnesses: Competency: Conversation with decedent: Appeal: Harmless error: Admission of evidence.*

1. In an action to recover against the estate of plaintiff's mother for services and disbursements, plaintiff's testimony as to a conversation between her deceased mother and two others, in which plaintiff took part, was incompetent under sec. 4096, Stats.

2. It being manifest that such incompetent testimony referred merely to a statement which deceased in effect had made repeatedly to others, and which manifestly did not affect the verdict for plaintiff, its admission was not prejudicial error.

3. The evidence in this case is *held* to sustain a verdict finding that there was a contract between a daughter and her deceased mother that the daughter should receive compensation for services rendered and disbursements made by her for the mother's benefit, and that such services were rendered and the disbursements made in reliance on the contract.

4. The mother's oral contract to devise realty in consideration of services and disbursements by the daughter for her benefit is void.

5. One who renders services under an oral contract to devise realty, void under the statute of frauds, must recover on *quantum meruit.*

6. Where the first item of plaintiff's claim against her mother's estate was dated August, 1893, and exhibited items for each succeeding year up to March, 1899, when there was a break until January, 1907, with a detailed claim to 1914, recovery was limited to items accruing within six years immediately preceding the mother's death in November, 1914, where the services were not continuous to the mother's death and where the disbursements did not constitute a mutual running account.

7. The amount recoverable in the circuit court on appeal from the county court's disallowance of a claim against the estate of a decedent is subject to the legal rate of interest from the time of the disallowance.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Modified and affirmed.*

This action was brought by plaintiff to recover $845.31, which she claims is due her from the estate of her mother, Anne Nelson, for services and disbursements.

Anne Nelson, a resident of Racine, died November 9, 1914. Her will bequeathed real estate appraised at $1,700 and personal property valued at $260 to her three children, of whom plaintiff is one. The property, by the terms of the will, was to be divided share and share alike between the three children, and in addition to her share of the real estate *Marie Nelson* was to receive the sum of $200.

*Marie Nelson,* a milliner, made her home with her mother excepting when she was employed out of town. During the time covered by her claim she lived with her mother as a member of the family, doing housework, supplying a portion of the provisions, and making various disbursements connected with the household. She paid her mother $2.50 a week for board and received nothing for her labor. After her mother's death she contested the latter's will on the grounds that she had lived with her mother and performed services and made various disbursements under an agreement that at the death of her mother she was to receive the entire property as recompense for these services and disbursements. She presents a detailed claim against the estate covering a period of years from 1893 to 1914, inclusive. For the years from 1899 to 1907, however, no claim for services or disbursements is made. The sum of her claim amounts to $845.31. The administrator, besides denying the claim, sets up the statute of limitations as a bar.

The county court disallowed the claim, whereupon plaintiff appealed to the circuit court. There a jury rendered a verdict in favor of plaintiff for $783.41, upon which judgment was entered. The administrator appeals from this judgment.

For the appellant there was a brief signed by *Storms, Foley & Beck,* attorneys, and *William W. Storms,* of counsel, all of Racine, and oral argument by *William W. Storms.*

For the respondent there was a brief by *Thompson, Myers & Kearney* of Racine, and oral argument by *Thomas M. Kearney, Jr.*

SIEBECKER, J. The defendant avers that the court erred in admitting the testimony of plaintiff and of the witnesses Lindhart and Mr. and Mrs. Hanson respecting conversations pertaining to a contract of deceased with plaintiff. The exception is urged upon the grounds that the court's rulings violate sec. 4096, Stats., in that the plaintiff participated in the communications which were had with the deceased. We are of the opinion that the court improperly permitted plaintiff to testify to one conversation between deceased and Mr. and Mrs. Hanson in which plaintiff took part, but it is manifest her evidence refers merely to a statement which the deceased in effect stated repeatedly to others, and manifestly plaintiff's testimony did not affect the verdict. We cannot say that the verdict would probably have been different had this evidence been excluded. The exception to the conversations between decedent and Lindhart and the Hansons upon the ground that plaintiff was present and participated in and influenced them, is not sustained. The situation disclosed indicates that plaintiff did not participate in these conversations and that her presence in no way influenced the decedent in making the statement testified to. It is considered that the court committed no prejudicial error in admitting the evidence embraced in the exceptions urged as error.

It is contended that the court erred in refusing to direct a verdict, for the reason that there is no evidence to support an express contract between plaintiff and her mother for payment for the alleged services rendered by plaintiff and for the disbursements plaintiff claims to have made pursuant to such contract for the benefit of her mother. An examination of

the record shows that plaintiff paid out various sums of money for articles of furniture, house furnishings, for services in and about the decedent's home and upkeep thereof, and for money advanced to pay demands against decedent. The evidence tends to support the claim that these disbursements were made in reliance on a promise of decedent to plaintiff that the title to the house and lot occupied by them as a home should be transferred to plaintiff either by deed or .will. The mother failed to transfer the title to plaintiff, and shortly before her death devised it to her children, including the plaintiff, in equal shares.

"Proof of expectation on the one hand to render compensation, and on the other to receive it, is competent evidence, in connection with the facts and circumstances of the case, to give color to them, tending to show that such expectations ripened into a mutual understanding—an express contract." *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Loper v. Estate of Sheldon,* 120 Wis. 26, 97 N. W. 524.

We think the evidence sufficient to sustain the verdict finding that there was a contract between plaintiff and the decedent that plaintiff should receive compensation for services rendered and disbursements made for the mother's benefit, and that the specified services were rendered and the disbursements made by plaintiff in reliance on the contract..

The account of the plaintiff's claim as presented to the county court shows that the first item bears the date August, 1893, and exhibits items for each succeeding year up to March, 1899. At this point there is a break in the account which continued to January, 1907, in which month two items are charged which are followed by ten items before July 1, 1908; the next item bears the date June 28, 1909. In the light of the fact that the property which it was contemplated to bestow on plaintiff under the contract is real estate and hence the contract is void under the law, plaintiff must be relegated to seek recovery on *quantum meruit* under the rule as established in the foregoing cases. This state of her rights, however, limits her to recovery for such items as accrued

within the six years immediately preceding the death of her mother on November 9, 1914, unless the services were in their nature continuous to the time of the death of the mother and the disbursements constitute a mutual running account. The evidence shows that the claim lacks in both these features and her recovery is necessarily limited to the items which accrued within the six years immediately preceding November 9, 1914. See *Loper* and *Kessler* cases, *supra.* Since there is no dispute as to the amount of the items, we are enabled to modify the judgment by reducing the recovery to the amount of the total of the items proven to have accrued within the last six years of the mother's life. These amount to $382.96. This sum is subject to the legal rate of interest from the time there was a denial of the claim in county court, June 2, 1916, which amounts to $68.57, making a total of principal and interest of $451.53 as damages. The costs allowed the plaintiff in circuit court are $56.46. The full amount to which plaintiff is entitled is $507.99, and the judgment is modified accordingly. As so modified the judgment is affirmed.

*By the Court.*—It is so ordered.