ESTATE OF LEU: LEISER, Special Administratrix, Respondent, vs. PAGEL, Executrix, Appellant.

*September 22—November 16, 1920.*

*Executors: Claims against estates: Oral agreement to devise land: Validity: Recovery for services: Limitation of actions: When action accrues: Claim filed after time limited: Amendment: Personal estate of deceased: Transfer of title.*

1. The title to personal property does not pass from a deceased person without administration of the estate and a due assignment of property by the personal representative; and heirs as individuals have no right of action for services rendered by their ancestor, such right being in the administrator.

2. A claim filed against an estate by the heirs as individuals could not be amended, after the expiration of the statutory period for the presentation of claims, by making it a claim by the ancestor's administratrix.

3. Where services are rendered on the promise of compensation in the form of a legacy, the time of payment is postponed until the death of the promisor, and the cause of action does not arise in favor of the party rendering the services until such death.

4. An oral promise to compensate for services by a devise of real estate in whole or in part is void and can be resorted to for no purpose except to rebut the presumption, where it exists, that the services were gratuitously rendered; and a cause of action accrues when the services are rendered. *Estate of Kessler,* 87 Wis. 660, overruled.

5. After the time limited for filing claims against the estate of C. L. had expired a special administratrix was appointed for one A. L., who filed a claim for services rendered C. L. by A. L. under a promise to devise real estate. *Held* that, the cause of action having accrued during the lifetime of

A. L., the claim is barred because not filed within the time limited. *Barry v. Minahan*, 127 Wis. 570, followed.

6. Recovery cannot be had for services rendered to a decedent more than six years prior to his death, pursuant to a void promise to devise real estate, where payments have not been made so as to constitute a mutual account.

APPEALS from a judgment of the county court of Sauk county: JAMES H. HILL, Judge. *Reversed.*

Charles Leu died testate August 18, 1919, leaving an estate valued at $2,369.71, which, by the terms of his will executed eight days before his death, he bequeathed to his only daughter, *Minnie Pagel*. Charles Leu was twice married, and *Minnie Pagel* is a daughter by his first wife. After the death of his first wife he married a Mrs. Schroeder, who had adopted two nieces, one of whom was Amelia Leiser, mother of the plaintiff.

For many years Charles Leu and his second wife lived together upon a small piece of land in the outskirts of the village of Wonewoc, Juneau county, but about 1911 sold this real estate and purchased a small place near Baraboo, Sauk county, Wisconsin, where they resided until the death of his second wife in February, 1919.

From 1904 and up to March, 1918, the said Amelia Leiser performed work, labor, and services for the said Charles Leu and wife and expended sums of money for railroad fare in going from her home in Pittsville, Wood county, Wisconsin, at the special instance and request of said Mr. and Mrs. Charles Leu, in reliance and upon the express promise upon the part of the said Mr. and Mrs. Charles Leu that they would compensate her for her said services by devising and bequeathing to her all their property, both real and personal, as compensation for her services and disbursements.

Amelia Leiser died in December, 1918. Mrs. Leu died in June, 1919, and Charles Leu died on the 18th day of August, 1919. His will was duly admitted to probate, letters testa-

mentary issued thereon, and the time for filing claims against the estate was limited to January 6, 1920. On January 5, 1920, Charles Leiser, husband of deceased Amelia Leiser, and his children, as individuals, filed a claim against the estate of Charles Leu for $1,500 on account of services so rendered by Amelia Leiser, during her lifetime, to the testator. This claim was objected to, and thereafter, on May 10, 1920, *Hilda Leiser,* as special administratrix of the estate of Amelia Leiser, deceased, filed a claim against the estate of Charles Leu, deceased, in the amount of $1,643.80 for the same services. It seems that this claim was filed as an amended claim or an amendment to the claim filed by Charles Leiser and his children January 5, 1920.

The county court held that Mrs. Leiser had rendered services to Mr. and Mrs. Charles Leu, both jointly and severally, upon their promise that she would receive upon their death all of their property, both real and personal, in compensation therefor; that the agreement, being one to devise real estate in payment of services, was void under the statute of frauds, but that the claimant might recover upon implied contract the reasonable value of such services, and rendered judgment for the value of the services rendered by said Amelia Leiser within six years prior to her death. From the judgment so rendered the executrix of the estate of Charles Leu brings this appeal. A cross-appeal was also taken by the plaintiff from that part of the judgment disallowing the value of services rendered more than six years prior to Amelia Leiser's death.

The cause was submitted for the appellant *Pagel* on the brief of *Grotophorst, Thomas & Quale* of Baraboo, and for the respondent *Leiser* on that of *Bentley, Bowler & La Mar* of Baraboo.

OWEN, J. It is well settled in this state that the title to personal property does not pass from a deceased person to his heirs or any one else without administration of such

person's estate and a due assignment of the property by the personal representative of the deceased. *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5. It follows that Charles Leiser and his children, as individuals, had no right of action against the estate of Charles Leu to recover for the services rendered by Mrs. Leiser during her lifetime.

The time for filing claims against the estate of Charles Leu was limited to January 6, 1920. On May 10, 1920, the administratrix of the estate of Amelia Leiser filed a claim against the estate of Charles Leu in the nature of an amendment to the claim filed by Charles Leiser and his children on the 5th day of January, 1920. It is apparent that the claim filed January 5, 1920, could not be thus amended so as to make a valid claim of it, nor to save the claim filed May 10th from the bar of the statute of limitations. The court properly treated the claim filed by the administratrix on May 10th as an original claim, and the question arises whether the claim could be filed in the manner it was after the time limited for presenting claims against the estate.

Appellant contends that the claim was barred by sec. 3844, Stats., which provides:

"Every person having a claim against a deceased person, proper to be allowed by the court, who shall not after notice given as required by sections 3840 and 3840m, exhibit his claim to the court within the time limited for that purpose, shall forever be barred from recovering such demand or from setting off the same in any action."

The county court held that the claim was saved from the bar of said sec. 3844 by sec. 3860, Stats., which provides:

"If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims the person having such claim may present it to the county court and prove the same at any time within one year after it shall accrue or become absolute."

The question arises whether this claim accrued before the 6th day of January, 1920, the date limited for the filing of claims against the estate.

In *Barry v. Minahan,* 127 Wis. 570, 107 N. W. 488, it was held that sec. 3860 did not apply to a claim existing against the deceased at and before his death, and did not save such claim from the bar of sec. 3844. In that case the time for filing claims against the estate of John Minahan, deceased, expired on the 6th day of January, 1902. Catherine Minahan, his wife, died in 1893. The executrix of her estate was appointed in February, 1904, and promptly filed a claim against the estate of John Minahan to recover the sum of $850 which it was claimed Catherine loaned to her husband about one year prior to her death. Objection was made to the allowance of the claim on the ground that it had not been presented against the estate within the time required by law, which expired January 6, 1902. The county court disallowed the claim, and on appeal to the circuit court the judgment of the county court was reversed, the circuit court holding that the claim did not accrue until the appointment of the administratrix February 18, 1904. This court held that the cause of action set up in the petition and claim filed existed in favor of Catherine Minahan and was capable of being enforced by her for a period of about a year before her death and was during such time a good, valid, and existing cause of action which she had a right to enforce. The situation was distinguished from that of *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074, where the cause of action did not arise until after death, and there it was held that a cause of action which arises after death does not accrue until there is some person in existence who can bring it, and that there is no person in existence to bring an action in favor of the estate of the deceased person which arose after death until an executor or administrator is appointed.

So in this case it is necessary to determine whether a

cause of action accrued in favor of Mrs. Leiser prior to her death. If so, then upon the authority of *Barry v. Minahan, supra,* the claim of the administratrix filed against the estate of Charles Leu on May 10th was barred and the action cannot be maintained.

The law undoubtedly is that where services are rendered upon the promise of compensation in the form of a legacy, the time of payment is postponed until the death of the promisor, and the cause of action does not arise in favor of the party rendering the services until that event. *Bayliss v. Estate of Pricture,* 24 Wis. 651; *Jilson v. Gilbert,* 26 Wis. 637; *Murtha v. Donohoo,* 149 Wis. 481, 134 N. W. 406, 136 N. W. 158. But where there is an oral promise to compensate by a devise of real estate in whole or in part, the agreement is utterly void and can be resorted to for no purpose except to rebut the presumption, where it exists, that the services were gratuitously rendered. *Martin v. Estate of Martin,* 108 Wis. 284, 84 N. W. 439; *Loper v. Estate of Sheldon,* 120 Wis. 26, 97 N. W. 524; *Taylor. v. Thieman,* 132 Wis. 38, 111 N. W. 229; *Nelson v. Christensen,* 169 Wis. 373, 172 N. W. 741. These cases firmly establish the principle that the cause of action accrues when the services are rendered, as in other cases of implied contract, and the person rendering such services may maintain an action upon them at any time. In such an action the defense that the services were to be compensated by the devise of real property, in whole or in part, would not be available, as attorneys for claimant seem to think, for the reason that such contract, promise, or agreement is wholly void within the statute of frauds.

It is true that *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129, is not in harmony with the subsequent cases above cited. In *Taylor v. Thieman, supra,* Chief Justice WINSLOW, writing for the court, attempted to point a distinction between the *Kessler Case* and the subsequent cases on the ground that in the *Kessler Case* the services were continued up to

the time of the death of the promisor. This circumstance furnishes no real distinction, because whether the services were rendered continuously up to the time of the death of the promisor makes no difference. Upon the principle now firmly established in this court, the bar of the statute runs on all services rendered more than six years prior to the death, where payments have not been made so as to constitute a mutual account, as was the case in *Laughnan v. Estate of Laughnan*, 165 Wis. 348, 162 N. W. 169. The fact is that the decision in the *Kessler Case* was grounded on an entirely different principle. It was there held that the action on implied contract did not accrue until the death of the intestate, and that until such time the claim rested in a void contract, becoming a money demand only upon the death of the promisor and his failure to carry out the terms of the contract, within the doctrine of *Tucker v. Grover*, 60 Wis. 240, 19 N. W. 62. Under the doctrine of that case Mrs. Leiser could not have brought an action in her lifetime to recover for the value of the services rendered by her. Her cause of action would not have accrued until the death of Mr. and Mrs. Leu. The decision in the *Kessler Case* has not, however, been followed and is contrary to all of the subsequent cases above cited, the doctrine of which is that the claim for compensation rests entirely upon an implied contract, and that a cause of action to recover therefor accrues as soon as the services are rendered, entirely unaffected by the fact that they were rendered pursuant to a promise to devise real estate either in whole or in part.

It follows that up to the time of her death Mrs. Leiser might at any time have maintained an action to recover for the value of the services rendered by her not barred by the six years' statute of limitations, and under the authority of *Barry v. Minahan, supra,* the claim for such services having accrued before the death of Charles Leu should have been filed against his estate within the time fixed for the filing of claims. Not having been filed until May 10th, more than

four months after the time limited for the filing of claims against his estate, it is barred by sec. 3844, Stats., and should have been wholly disallowed.

*By the Court.*—Judgment reversed, and cause remanded to the county court with instructions to enter judgment wholly disallowing the claim.