City of West Bend, Appellant, vs. West Bend Heating & Lighting Company, Respondent.

*January 16—February 10, 1925.*

*Municipal corporations: Operation of waterworks: Proprietary or governmental capacity: Contract: Relieving owner of water power from obligation to maintain bridge: Validity: Consideration.*

1. So far as acts of officers or persons within a fire department are concerned, they may be acting in a governmental capacity; but in the operation and maintenance of its waterworks system the city acts in a proprietary capacity, and may exercise such powers as a private concern engaged in like business may exercise. p. 187.
2. A city has the inherent power to provide protection from fire by the purchase of fire apparatus and the erection of pumps, water mains, reservoirs, or other waterworks. p. 188.
3. A city authorized by its charter to construct reservoirs for fire-protection purposes had the right to make a contract with the owner of a dam to relieve the owner from the obligation of building and keeping in repair a bridge across a raceway, in consideration of the reconstruction of the dam by the owner, making the water in the mill-pond and raceway available to the city for fire protection. p. 188.
4. The city's use for fire-protection purposes for more than thirty years of a reservoir created on the construction of a dam is a good consideration for a contract wherein the city assumed the obligation to build and maintain the bridge. p. 188.
5. Generally, a contract entered into by a city in its proprietary capacity, whether created by signing a contract or by the passage of an ordinance or resolution accepted and carried out by a third party, cannot be rescinded or modified in any degree without the consent of both parties. p. 188.

Appeal from a judgment of the circuit court for Washington county: Oscar M. Fritz, Judge. *Affirmed.*

This action is to recover the sum of $7,368.60 expended by plaintiff for the construction of a concrete bridge across the mill-race of the defendant on Division street in the city of *West Bend.* The bridge was constructed by plaintiff in the year 1920 after the defendant had refused, upon demand by the city, to build it. Prior to the year 1890 it was the

duty of the defendant and its predecessors in title to maintain a bridge over said mill-race.    The defendant claimed that shortly after May 22, 1890, it ceased to be the duty of the defendant to maintain such bridge by reason of facts found by the circuit court which are not in dispute.    These facts are as follows:

"That on the 22d day of May, 1890, and for several years prior thereto, the defendant's predecessor in title, the Silver Lake Ice Company, owned the water-power rights in the city of *West Bend,* on the Milwaukee river, and the certain raceway crossing Division street, said company maintaining the required bridge over said raceway at the point in question up to the year 1891.    That the dam formerly maintained across said Milwaukee river by the defendant's predecessors in title had been washed out by flood several years prior to 1890, and up to May 22, 1890, had not been replaced.    That by reason of there being no dam across the Milwaukee river at this point no water accumulated in said raceway and mill-pond above the dam during the period that the dam was out. That prior to the destruction of said dam the plaintiff availed itself of the water in the mill-pond and race for fire protection.    That at a meeting of the common council of the plaintiff duly held on the 22d day of May, 1890, the following resolution was duly passed, to wit: 'Resolved by the common council of the city of *West Bend,* that if the owners of the water power upon the Milwaukee river in said city shall on or before the 1st day of July, 1891, erect a dam upon said river at or about the site of the old dam, sufficient to raise the water in the pond to about the same height as it was before the destruction of said dam, and thereafter allow the fire department of said city, without doing any damage, to draw water from said race for the use of said fire department during fires or to fill their cisterns, then and in that case the owners of said water power will be relieved from the obligation to build and keep in repair the highway bridge across the race leading from said pond and said city will fully assume the same, without resort to the owners of said water power.    And said city will assume said burden and responsibility as soon as said dam is erected and said water power raised but not before.'    That after the passage of said resolution, in consideration thereof, and in accordance with

the terms and conditions thereof, the Silver Lake Ice Company, defendant's predecessor and then owner of said water rights and raceway, erected the dam, which has ever since been maintained by said Silver Lake Ice Company and its successors in title, including the defendant. That since the erection of said dam the plaintiff has had available for use, and has used whenever occasion required, the water accumulated in said mill-pond and raceway for fire protection, and that the reservoir of water thus made available by the dam was, at the time of the commencement of this action, a very desirable factor in the plaintiff's fire-protective facilities. That since the year 1891 the plaintiff repaired and maintained the bridge on Division street over said raceway, formerly maintained by the defendant's predecessor, and prior to the year 1920 the plaintiff had replaced an existing bridge by a new iron bridge at its own expense and had repaired and maintained said iron bridge up to the year 1920, and that from the year 1891 up to said year 1920 the plaintiff made no demand upon the defendant to either build, repair, or maintain any bridge over the said raceway on Division street."

As conclusions of law the court found:

"That in the year 1920 the defendant was not required to erect a new ornamental concrete bridge in lieu of and to replace the existing, adequate, and safe iron bridge across said mill-race at Division street, and that the plaintiff's complaint should be dismissed on its merits, with costs to the defendant."

From a judgment in favor of defendant dismissing the complaint upon the merits the plaintiff appealed.

For the appellant there was a brief by *Thomas O'Meara,* city attorney, and *O'Meara & O'Meara* of West Bend, of counsel, and oral argument by *Thomas O'Meara.*

For the respondent there was a brief by *Bucklin & Gehl* of West Bend, attorneys, and *Carl B. Rix* of Milwaukee, of counsel, and oral argument by *G. Carl Kuelthau* of Milwaukee.

VINJE, C. J. It is claimed on the part of the appellant, first, that the common council had no power or authority to

pass the resolution in question; second, that the city received no consideration therefor; third, it was an attempt to limit the rights and powers of the city in its governmental functions. It is claimed that the maintenance of a fire department and the acts of men belonging to the department in the extinguishment of fires is the exercise of a governmental function, and that a city is not liable for malfeasance or nonfeasance connected with the maintenance and operation of the fire department or for damage to private property by firemen trespassing thereon while in the performance of their duty or for the reasonable destruction of private property by a fire department of a city in order to stay a conflagration, and, generally, that a municipal corporation is not answerable for the acts of its officers in discharging its governmental functions and in destroying property to avert imminent public injury. Cases to support these various contentions are cited both from our own state and from foreign courts. It is not necessary to express any opinion upon the soundness of these contentions because there is a radical distinction between the maintenance of a fire department and the acts of officers or persons in that department in the discharge of their duties and the maintenance of a waterworks system for public purposes or for municipal fire protection alone. It may be conceded that, so far as acts of officers or persons within the fire department are concerned, they may be acting in a governmental capacity. It does not from that by any means follow that in the maintenance of a water-works system the city is likewise engaged in the exercise of a governmental function. It has been held by this court and is the general rule that in the operation and maintenance of a system of waterworks the city acts in a proprietary capacity, and, generally speaking, may exercise such powers as a private concern engaged in a like business may exercise. See *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 252, 179 N. W. 2, and cases there cited.

The city of *West Bend* by express charter provision is authorized by sub. 33 of sec. 37 of its charter "to provide

protection from fire by the purchase of fire engines and all the necessary apparatus for extinguishing of fires, and by the erection of pumps and the construction of water mains, reservoirs, or other waterworks." This power, even though it were not expressly granted by the charter, would be one inherent in the very organization of a municipal corporation. Since it had the power to build reservoirs, it follows that it also had the power to buy them upon reasonable terms. Here it was considered by the common council that it was more advantageous to the city to procure a reservoir by the means provided for in the resolution than to build one of its own. And it appears from the findings of fact that the city has used this reservoir for over thirty years. The extent of that use need not now be inquired into. The evidence was amply sufficient to sustain the finding set out in the statement of facts. It appears that the city by resolution made an offer to the defendant's predecessor in title. That offer was accepted, acted upon, and upon the completion of the dam and reservoir the city for over thirty years has availed itself of its use. Under such circumstances it cannot be successfully maintained that there was a lack of consideration for the contract thus created by the offer and its acceptance. There is nothing appearing in the case that makes it inequitable for the city still to be bound by the contract thus entered into. It is a general rule of law that where a city in its proprietary capacity enters into a contract either by signing one or by the passage of an ordinance or resolution the offer of which is accepted by a third party and carried out, the contract cannot be rescinded or modified in any degree without the consent of both parties. *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 179 N. W. 2; *Detroit v. Detroit Citizens' St. R. Co.* 184 U. S. 368, 22 Sup. Ct. 410; *Cleveland v. Cleveland City R. Co.* 194 U. S. 517, 24 Sup. Ct. 764; *Minneapolis v. Minneapolis St. R. Co.* 215 U. S. 417, 30 Sup. Ct. 118; *Detroit United R. Co. v. Michigan,*

242 U. S. 238, 37 Sup. Ct. 87.   McQuillin on Municipal Corporations, sec. 1253, states the rule thus:

"A municipal contract may cover any length of time provided it does not cede away control or embarrass the legislative or governmental powers of the municipality or render it unable in the future to control any municipal matter over which it has jurisdiction."

See, also, the following cases: *Oconto City W. S. Co. v. Oconto,* 105 Wis. 76, 80 N. W. 1113; *Hurley W. Co. v. Vaughn,* 115 Wis. 470, 91 N. W. 971; *Columbus W. Co. v. Columbus,* 48 Kan. 99, 28 Pac. 1097; *Spier v. Kalamazoo,* 138 Mich. 652, 101 N. W. 846.

Having reached the conclusion that the resolution was duly passed by the defendant and that its acceptance constituted a valid contract between the plaintiff and the defendant which is still in force and effect, it is unnecessary to consider the other aspects of the case in which the trial court found that the old bridge was adequate for the travel thereon and that it was unnecessary to build a new one.   We express no opinion on this phase of the case.

*By the Court.*—Judgment affirmed.