ESTATE OF COX: BANKING COMMISSION, Respondent, vs. GRIBBLE, Executrix, Appellant.

*December 6, 1938—January 10, 1939.*

*Charlton H. James* of Dodgeville, for the appellant.

For the respondent there was a brief by *Fiedler, Boardman, Jones & Fiedler* of Mineral Point, and oral argument by *David O. Jones.*

ROSENBERRY, C. J. It appears that prior to December 18, 1930, Anna P. Cox, the wife of Charles H. Cox, was a stockholder in the Farmers & Citizens Bank of Mineral Point. Two certificates stood in her name, one for five shares and one for ten shares, having a total par value of $1,500. She died December 18, 1930, intestate, and no ad-

ministration of her estate has ever been had. At the time of her death she also owned three certificates of deposit in the same bank amounting to $650. It appears that after her death her husband, Charles H. Cox, took possession of the assets belonging to her estate and also received a dividend check for $90 made payable to her order. He also succeeded in cashing the certificates of deposit indorsing them "Anna P. Cox per Charles H. Cox," although all of the parties to the transaction then knew that Anna P. Cox was dead.

The Farmers & Citizens Bank merged with the Iowa County Bank of Mineral Point on July 1, 1931, and became the Consolidated Bank of Mineral Point. Notice of consolidation, etc., was sent out addressed to "Annie P. Cox, % Charles H. Cox," and on January 7, 1932, a new certificate of stock for forty-five shares of stock, each share being of the par value of $25, was issued in the name of Annie P. Cox. This likewise apparently passed into the possession of Charles H. Cox. On July 7, 1932, the Consolidated Bank closed its doors and was taken over by the Banking Commission for liquidation. A list of stockholders of the Consolidated Bank was prepared, which showed Annie Cox as the owner of stock certificate No. 27. The claim filed in the estate of Charles H. Cox is for $1,125 "because of the deceased's ownership of said shares of stock in said corporation, as aforesaid." The claim was subsequently amended to include the amounts claimed to have been received by Charles H. Cox on account of the dividend check and the certificates of deposit.

The trial court upon some theory not disclosed allowed the claim of $1,125, in the sum of $740, that being the amount of the certificates and dividend check, and judgment went accordingly.

The proceedings in this case are certainly *sui generis.* Charles H. Cox never became a stockholder in any bank and

could therefore not become liable as such. The court seems to have proceeded upon the theory that the deceased Anna P. Cox was a stockholder; that if she had lived she would have been liable under the statute as a stockholder; that she having died and Charles H. Cox having possessed himself of some part of her estate in some mysterious way Charles H. Cox became liable to the Banking Commission of Wisconsin as a stockholder. So far as the record discloses, Anna P. Cox was possessed of no other property than the bank stock and certificates of deposit. This was personal property and passed not to her heirs but to the administrator of her estate. *Estate of Leu* (1920), 172 Wis. 530, 179 N. W. 796. If Charles H. Cox wrongfully possessed himself of this property and converted the same to his own use, he thereby became liable to the estate of Anna P. Cox and to no one else.

Sec. 221.42, Stats., which creates the so-called double liability of stockholders, provides to what extent persons holding stock as executors, administrators, etc., shall be liable, and limits their liability to the amount of assets or funds in their hands. No attempt has ever been made to subject the estate of Anna P. Cox to liability under that section.

There is considerable argument in the briefs to the effect that Charles H. Cox made himself liable as a stockholder. He certainly never became a stockholder. In the first place there was no one capable of transferring the legal title of the certificates of deposit to Charles H. Cox. If it be claimed he converted the same to his own use he became liable for tort. There was no one in existence who could commence an action. That right rests with the administrator of the estate of Anna P. Cox when one is appointed. The mere fact that Anna P. Cox was a stockholder of a consolidated bank in and of itself does not give the bank or its successor, the Banking Commission of Wisconsin, any rights or claims

against Charles H. Cox because of some liability which may have accrued against him in favor of the estate of Anna P. Cox. If the Banking Commission wishes to assert its right it must do so through the estate of Anna P. Cox and not in its own right. It is clear as crystal that the plaintiff has no cause of action against the estate of Charles H. Cox.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to disallow the claim.