EDWARDS REALTY & FINANCE COMPANY, Appellant, vs. CITY OF SUPERIOR, Respondent.

*April 10—May 13, 1947.*

474

For the appellant the cause was submitted on the brief of *Maynard Berglund* of Superior.

*George D. Flynn,* corporation counsel, for the respondent.

BARLOW, J.    The points relied upon by the appellant on this appeal are : (1) The contract of the parties as originally made was ambiguous; (2) the resolution of the city council of the city of Superior, passed in April, 1941, amended the contract pursuant to the request of the plaintiff; (3) the contract as amended could not be rescinded without the consent of the plaintiff, and the resolution of the city council adopted January 6, 1942, was ineffectual to change the contract as amended.

By the contract entered into April 19, 1938, the respondent, city of Superior, sold to the appellant twenty tax certificates, setting forth the year of the sale, tax certificate number, and the amount of the tax certificate, thereby specifically describing each tax certificate that was sold.    The tax certificates described were issued pursuant to sales during the years 1931 to 1937, inclusive.    The sale of each year for which the tax certificate was issued was for the previous year's taxes.    Thus the 1937 tax sale was for the 1936 taxes.    No reference was made to the 1937 taxes in the agreement.    The contract was entered into on the 19th day of April, 1938, at which time the 1937 taxes were due and payable, although no tax sale had been held. By the terms of the contract the appellant agreed to pay all taxes and special assessments levied upon and against the property and premises from January 1, 1938, to January 1, 1943, which was the period during which the monthly payments were to be made.    The 1937 taxes were returned to the county unpaid, and the county purchased the tax certificates at the time of sale and was the owner of the certificates when appellant completed its payments due under the contract.    Appellant later purchased the 1938 tax certificates from the county.

This is not an action for reformation of a contract, claim being made by appellant that the original contract was ambiguous and indefinite by reason of the failure to make any provision for the payment of the 1937 taxes, and that the contract was amended by a resolution of the city council on April 14,

1941. Assuming the contract to be ambiguous as claimed by appellant, no evidence has been offered to assist the court in determining who was to pay the taxes for the year 1937. The contract clearly sets forth the tax certificates which the respondent sold to appellant. At the time the contract was entered into no other tax certificates were outstanding. Appellant was purchasing the certificates and taking over possession of the property, no doubt intending to acquire title through the certificates. The face amount of the tax certificates purchased by the appellant was far in excess of the amount which appellant agreed to pay. The contract is equally specific as to the period for which appellant is to pay the taxes, but this does not help solve the difficulty, which is the unpaid taxes for the year 1937. It cannot be said from the record that the parties to the contract ever arrived at an agreement as to who was to pay the taxes in question or that they were ever considered when the agreement was made. If the contract is ambiguous, evidence of the circumstances under which the contract was made is proper to enable the court, in the light thereof, to construe the contract. *Firestone Tire & Rubber Co. v. Werner* (1931), 204 Wis. 306, 236 N. W. 118, but if the contract is clear and unambiguous such evidence must be excluded. *John O'Brien Lumber Co. v. Wilkinson* (1903), 117 Wis. 468, 94 N. W. 337; *Schuhknecht v. Robers* (1927), 192 Wis. 275, 212 N. W. 657; *Zohrlaut v. Mengelberg* (1910, 1911), 144 Wis. 564, 124 N. W. 247, 128 N. W. 975. However, evidence surrounding the making of a written contract to enable the court to read the instrument in the sense the parties intended it is not admissible where to receive it will do violence to the rules of language or of law. *Johnson v. Pugh* (1901), 110 Wis. 167, 170, 85 N. W. 641.

No reference is made to the 1937 taxes in the contract. The fact that the parties would normally have agreed on who should pay the taxes does not make the contract ambiguous in itself. The parties had a right to make an agreement with reference to

them, but they were not required to do so. In the sale and conveyance of real estate many times the parties agree on a division of taxes to become due and payable, or who shall pay them, but where this is not done the party required to pay them is the party liable under the law.

Appellant further contends that the resolution of April 14, 1941, amended the contract and could not be rescinded without the consent of the plaintiff, relying on *West Bend v. West Bend H. & L. Co.* (1925) 186 Wis. 184, 202 N. W. 350. The resolution does not make any reference to any error or mistake in the original contract, and was not passed until three years after the original contract was entered into and then at the request of the appellant. It refers to subject matter not in the original contract. If appellant had any rights under the original contract they remained as they were, and if it had no rights under the original contract the city did not vest any in it by passing the resolution in question without consideration. A further resolution was passed January 6, 1942, rescinding the resolution of April 14, 1941. In the meantime nothing had been done by either respondent or appellant, so far as the record discloses. Neither party had changed its position. A municipal corporation, like other legislative bodies, has a right to reconsider under parliamentary law its vote and action upon questions properly pending before it, and rescind its previous action provided vested rights are not violated and such rescission is in conformity with the law applicable to the government of the body. 2 McQuillin, Mun. Corp. (rev. ed.) p. 605, sec. 642 (612), p. 608, sec. 643 (613).

We conclude that the contract is clear and unambiguous and that if the city had a right to pass the resolution in 1941 it had an equal right to pass the resolution of 1942 rescinding the same.

*By the Court.*—Judgment affirmed.