## THOMAS HALL v. WILLLIAM G. NASMITH.

*Statute of limitations; absence from the state. Pleading.*

Mere absence from the state will not prevent the operation of the statute of limitations while the debtor retains a residence in it by which process may be served upon him.

If the debtor has his fixed residence out of the state, all of his absences from the state are to be deducted from the time during which the statute of limitations would otherwise be running.

A replication, to a plea of the statute of limitations, that before the statute had run to wit, from January 1, 1848, to the commencement of the suit, the defendant was absent from and resided out of the state, does not assert a continuing absence, or an absence, construing the averment against the pleader, for more than a single day.

A rejoinder to such a replication that within the time mentioned the defendant was frequently in this state to the knowledge of the plaintiff, *held* sufficient.

ASSUMPSIT. The date of the writ does not appear in any of the papers in the hands of the reporter. The defendant plead the statute of limitations; to which the plaintiff replied " that after his said cause of action accrued, and before the statute of limitations had run thereon, to wit, from the first day of January, 1848, to the time of the commencement of this action, the said Nasmith was absent from and resided out of this state, to wit, at Northumberland, in the state of New Hampshire; and during all of the time aforesaid, he, the said Nasmith, had no known property within this state, which could, by the common and ordinary process of law, be attached."

The defendant rejoined, " that, within the time mentioned in the said replication, he was frequently in this state, to wit, at Guildhall, in the county of Essex, to the knowledge of the plaintiff, when and where the plaintiff could have served the process upon him, the defendant."

To this rejoinder the plaintiff demurred, and the county court, May Term, 1855,—POLAND, J., presiding,—adjudged the rejoinder insufficient, to which the defendant excepted.

*J. Steele* for the defendant.

It is admitted by the pleadings, on the part of the plaintiff, that although the defendant, after the cause of action accrued, resided out of the state, that he was not absent from the state, and that he

was in Guildhall, days and weeks, within the knowledge of the plaintiff.

By the Compiled Statutes, p. 379, § 14, it is as necessary that the defendant in this cause should be absent from the state as it is that he should reside out of the state, to prevent the statute of limitations from being a bar to the action.

*W. Heywood* for the plaintiff.

The defendant, by his rejoinder, tenders an immaterial issue. He misapprehends the statute by supposing that a frequent coming into the state will have the same effect to bar the claim as a residence in the state; *Gilman* v. *Cutts*, 3 Foster 376.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J. The question attempted to be raised here, in general terms, is, what will obviate the effect of absence from the state, which, by our statute, suspends the operation of the statute of limitations. And the first inquiry is, whether every absence, and, if not, what absence from the state suspends the operation of the statute. The language of the statute is " shall be absent from and reside out of the state." It is obvious, we think, that mere absence from the state is not sufficient. The person must be absent from and *reside out of the state*. Temporary absences from the state, upon journeys, or, indeed any absence, while having a residence in the state by which service may be made upon the debtor, is not to be taken into the account. *Hackett* v. *Kendall*, 23 Vt. 275. But if the party be absent from the state, leaving no such domicil in the state, this will suspend the operation of the statute. Or, if the party have a fixed residence out of the state, all his absences from the state are to be deducted from the term of limitation fixed by the statute.

It will follow then that, to break the suspension of the time, the debtor must either acquire a domicil within the state, or else remain in the state. Whether it is indispensable that his return to, and remaining in the state, shall be known to the creditor, is, perhaps, questionable. It would, from the statute, and the decisions in other states, seem probable that this is not essential. *Didier* v.

*Davidson*, 2 Sandford's Ch. R. 61; *Mazozon* v. *Foot*, 1 Aik. 282; *Hill* v. *Bellows*, 15 Vt. 727 . *Didier* v. *Davidson*, 2 Barb. Ch. 477. It would seem to be sufficient to break the suspension when the debtor either returns, or takes up his residence in the state, in an open and public manner so that the creditor, by the use of diligence, might be able to serve process. In some of the states, the statute only provides for deducting a single absence from the limitation. *Cole* v. *Jessup*, 2 Barb. Sup. Ct. R. 309. Such seems to have been the plaintiff's view in the present case. But our statute evidently provides for the deduction of all absences of the debtor from the state, while he resides out of the state. And the question of the continuing absence and non-residence may be determined, upon a general traverse of the defendant's plea, by giving the proof of return in evidence. *Graham* v. *Schmidt*, 1 Sand. Sup. Ct. R. 74.

In some of the states, even temporary absences are to be deducted from the time of limitations. *Vand* v. *Huston*, 4 Gilm. (Illinois) 125. In other states where the terms of the exception are, if the debtor shall be without the state, temporary absences are not taken into the account. *Sage* v. *Hawley*, 16 Conn. 106. It seems to be the purpose of the statute of this state that the creditor shall have the full term of limitation in which to bring his action. When the debtor relies upon a return into this state as an excuse for the plea of absence, he should, ordinarily, reply a continuing residence or commorancy within the state. But in the present case, as the plaintiff does not assert any continuing absence before the debt was barred, which is the more common mode of drawing such replications, but only that the defendant was absent from the state before the debt was barred, which, on the common mode of construing pleadings against the pleader, could make but an absence of a single day, the rejoinder of "frequently in the state," will of necessity supply this one day, and thus make out the full term of the statute, wherein the party might have brought suit.

Judgment reversed; but as both the replication and the rejoinder seem defective in regard to raising the real question which the parties seem desirous of trying, it seems proper to allow both parties to amend their pleading without terms.