## William W. Langdon *vs.* Orson L. Doud.

If a person against whom a cause of action accrues is a resident within this commonwealth, and continues to reside here, his occasional and temporary absences, however long continued, if they are not of such a character as to change his domicil, are not to be deducted, in computing the statutory term fixed for the limitation of the action.

Contract upon a promissory note, signed by the defendant, dated September 9, 1854. The writ was dated May 20, 1862. The defence was the statute of limitations.

At the trial in the superior court, before *Rockwell,* J., the plaintiff introduced evidence to show that in March or April 1855, the defendant left this commonwealth and resided in California for about three and one half years. The evidence was conflicting as to the defendant's purpose in going to California, and his intention to return. The judge instructed the jury that if the defendant in March or April 1855 left Massachusetts and went to California for the purpose of engaging in such business as he could find there, and without any fixed determination or intention as to whether he should return to Massachusetts or

not, or if he went intending to engage in such business as he might find, either for a certain or an indefinite period of time, or if he went to engage in business, intending to remain a certain time or until he should acquire a certain sum of money, and thereupon did remain in California until October 1858 continuously, and then returned to Massachusetts, the time of such living in California should be deducted, and not be taken as a part of the time limited for bringing this action; if, however, he went without any intention of engaging in business there, but only to visit and examine the country, the time of his absence should not be deducted, although by accident, sickness or otherwise he was detained there until October 1858.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. J. Fargo*, for the defendant, cited Gen. Sts. *c.* 155, § 9; *Worcester* v. *Wilbraham*, 13 Gray, 590, and cases cited; *Collester* v. *Hailey*, 6 Gray, 517, and cases cited; *Lee* v. *Boston*, 2 Gray, 490; *Otis* v. *Boston*, 12 Cush. 44; *Cabot* v. *Boston*, Ib. 52; *Orcutt* v. *Ranney*, 10 Cush. 183, and cases cited; *McDaniel* v. *King*, 5 Cush. 473, and cases cited; *Sears* v. *Boston*, Ib. 250; *Jennison* v. *Hapgood*, 10 Pick. 98; *Hall* v. *Nasmith*, 28 Verm. 791, and cases cited; *Hackett* v. *Kendall*, 23 Verm. 275.

*I. Sumner*, for the plaintiff, cited Rep. of Com. on Rev. Sts. *c.* 120, § 8, *n.*; *Turner* v. *Shearer*, 6 Gray, 427; *Gass* v. *Bean*, 5 Gray, 397; *Seymour* v. *Deming*, 9 Cush. 527; *Gilman* v. *Cutts*, 3 Fost. (N. H.) 376; 2 Parsons on Notes, 635, 636, *n.*

BIGELOW, C. J. In the case of *Collester* v. *Hailey*, 6 Gray, 517, it was decided that under Rev. Sts. *c.* 120, § 9, which was reënacted in Gen. Sts. *c.* 155, § 9, the time of a debtor's absence from the state without losing his domicil is not to be excluded in computing the period of limitation of an action against him; in other words, that temporary absences, although extending over consecutive periods of several months, but effecting no change in the legal domicil of the debtor, do not operate to extend the period of limitation, but are to be included in reckoning the time within which an action may be commenced against him. It is now urged by the learned counsel for the plaintiff that

this construction of the exception to the statute of limitations is too narrow, and that, by restricting its operation to the single class of cases in which the debtor has no domicil or habitancy in the Commonwealth, creditors may be deprived of all effectual remedy to enforce their claims against debtors who are actually absent from the state for long continued periods without abandoning or forfeiting their domicil here. But if this be the effect of the interpretation of the statute, we do not see how it can be avoided. Absence from the state of itself is clearly not sufficient to suspend the operation of the statute. The provision is explicit that the time of a debtor's absence shall be deducted from the time limited for the commencement of the action, only in case " he is absent from and resides out of the state." The contention, therefore, concerning the interpretation of the statute resolves itself into a question as to the true meaning of the word residence. Of this there is no room for any serious doubt. It certainly does not signify a temporary sojourn or occasional abode. In legal phraseology it is synonymous with habitancy or domicil. This is the sense in which it is used in statutes. By Gen. Sts. *c.* 3, § 7, *cl.* 7, it is enacted that the word "inhabitant" may be construed to mean "resident." And by the constitution of Massachusetts, *c.* 1, § 2, art. 2, it is provided that the word "inhabitant" shall be held to signify that a person " dwelleth or hath his home " in a particular place.

Nor are we able to see any good or sufficient reason for attributing to the language of the statute, creating an exception to the statute of limitations, any new or unusual signification. A residence out of the state, as applied to the subject matter, may well mean the acquisition of a domicil without its limits. So long as a debtor has a last and usual place of abode in the Commonwealth, that is, while he retains his domicil or residence here, the courts of the state have jurisdiction over him, and due service of legal process can be made upon him. A creditor can at any time commence a suit to enforce a claim against a debtor domiciled within the state. A writ can be served by leaving a summons at his last and usual place of abode, and in case of his absence from the state actual notice of the pendency of

the action can be given to him, so that a valid and binding judgment can be obtained. In such case, the creditor has ample opportunity to prevent the operation of the statute bar. But it would be otherwise where the debtor had no domicil within the state. No valid service of process could be made upon him, and the courts could have no jurisdiction over his person. The true construction, therefore, of this clause of the statute would seem to be this : that where a defendant against whom a cause of action accrues is a resident within the state, and continues to reside therein, his occasional and temporary absences, however long continued, if not of such a character as to change his domicil, are not to be deducted in computing the statutory term fixed for the limitation of an action. Such is the weight of authority in those states where an exception to the statute of limitations exists, similar in its phraseology to our own statute on the subject. *Hackett* v. *Kendall*, 23 Verm. 275. *Hall* v. *Nasmith*, 28 Verm. 791. *Ford* v. *Babcock*, 2 Sandf. 518. *Wheeler* v. *Webster*, 1 E. D. Smith, 1. *Harden* v. *Palmer*, 2 E. D. Smith, 172. *Drew* v. *Drew*, 37 Maine, 389. *Gilman* v. *Cutts*, 7 Fost. (N. H.) 348. It may be added, that this construction of the statute seems to be the only one which will afford a fixed, permanent and certain rule by which to ascertain whether a particular case is included within or excluded from the operation of the exception to the statute. If residence is not held to signify domicil, it can have, as applied to the subject matter, no definite and ascertained meaning; but it would be necessary to vary its interpretation in each particular case, according to the circumstances proved concerning the length of the absence of the debtor from the state, and the objects for which he went away. There would be no standard by which to determine whether he could claim the benefit of the statute bar, or was excluded from the operation of the exception.

The instructions given to the jury in the present case did not conform to the views of the interpretation of the statute above expressed. On the contrary, they wholly omitted to prescribe the true rule by which domicil or residence is to be distinguished from temporary absence and sojourn out of the state, and left the

jury to deduct the defendant's absence from the state from the time limited for the commencement of the action, although he went out of the state for a special object, intending to return after it should have been accomplished, and had actually returned in pursuance of such intention.

*Exceptions sustained.*