Farr vs. Durant.

FARR, Respondent, vs. DURANT, imp., Appellant.

*April 26 — May 15, 1895.*

*Limitation of actions: Residence out of the state.*

To suspend the running of the statute of limitations, under sec. 4231, R. S. (providing that "if after a cause of action shall have accrued against any person he shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action"), the defendant must have acquired a fixed and permanent abode or dwelling place out of the state, for the time being at least.

APPEAL from a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

Action against *John* and William Durant, as joint and several makers of a promissory note to the plaintiff for $800, dated January 6, 1885, payable one year after its date, with interest at eight per cent. per annum. The plaintiff claimed judgment for $800, with interest from January 6, 1894, up to which time he conceded the interest had been paid. The defendant *John Durant* relied on the statute of limitations of six years.

Upon trial before a jury, it appeared that the defendants both resided in Wisconsin when the note was given and when it matured; that for eight years after the execution of the note the defendant *John Durant* continued to reside at Mukwonago, Wis.; that in the meantime he had been absent in California three times, namely, in October after the maturity of the note he went to California and was absent about four months, getting back in the following February; that he went there again about two years afterwards, and was absent about five months, returning the following April; and that he went again about December 1, 1891, and was gone about a year and six months, returning in April, 1893; that he was on these occasions out of the state in all about thirty months. If the statute ran while he was so absent, the cause of action was barred; otherwise not.

The court ruled that the statute did not run during the time he was so absent, and directed a verdict for the plaintiff, and from a judgment thereon the defendant *John Durant* appealed.

For the appellant there was a brief by *Chafin & Parkinson*, and oral argument by *E. W. Chafin*.

For the respondent there was a brief by *E. E. Mills*, attorney, and *Ryan & Merton*, of counsel, and oral argument by *Mr. Mills* and *Mr. E. Merton*.

Farr vs. Durant.

Pinney, J.  The case turns upon the proper effect to be given to the second exception to the running of the statute, contained in sec. 4231, R. S., namely: "If after a cause of action shall have accrued against any person he shall *depart from and reside out of this state*, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." The statute is a very plain one, and effect should be given to it according to its natural and obvious meaning. It seems clear that mere absence from the state is not sufficient to create an exception or interrupt the course of the statute, but *residence* out of the state as well is essential; that is to say, a settled, fixed abode and intention to remain there permanently, at least for a time, for business or other purposes, is essential in order to constitute a residing without the state, within the meaning of the statute. This is in accordance with the great weight of authority in states where an exception to the statute exists to the same effect as in our own, in most of which it was considered and construed before it was adopted here. *Collester v. Hailey*, 6 Gray, 517; *Langdon v. Doud*, 6 Allen, 423; *Gilman v. Cutts*, 27 N. H. 348; *Hall v. Nasmith*, 28 Vt. 791; *Drew v. Drew*, 37 Me. 389; *Wheeler v. Webster*, 1 E. D. Smith, 1; *Ford v. Babcock*, 2 Sandf. 518; *Pells v. Snell*, 130 Ill. 379. In the case of *Barney v. Oelrichs*, 138 U. S. 529, this exception was fully considered, and the principal authorities were cited in the opinion of Fuller, C. J., and with the result above stated. There is such a general concurrence of adjudicated cases on the point that the question must be considered as settled, and that the particular provision in question may fairly be said to have been adopted here in view of the construction it had already received elsewhere.

The contention that the word " and " should be construed as meaning " or," so that the exception would be if " he shall depart from *or* reside out of this state," is wholly inadmissi-

ble. Mere absence from the state is not equivalent to residence elsewhere, and occasional absences of a resident of. this state, for business or purposes of pleasure and the like, but continuing to reside and have his legal domicile here, are not to be deducted in computing the period of the statutory bar. *Ford v. Babcock*, 2 Sandf. 518, 529.

We hold, therefore, that, in order that the defendant may be said to have resided out of the state and in California, he must have acquired a fixed and permanent abode or dwelling place there, for the time being at least.

It was contended that the defendant William Durant had made a payment of interest on the note within the period. of six years before the suit, at the direction of the defendant *John Durant*, but the evidence on that subject is not such that a verdict to that effect could be sustained. The court should have directed a verdict in favor of the defendant *John Durant*, instead of one against him, and for this. misdirection the judgment of the circuit court must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

What constitutes residence out of the state within the meaning of a statute of limitations is the subject of a note to *Kerwin v. Sabin* (50 Minn. 320), in 17 L. R. A. 225.— REP.