DREGER, Respondent, vs. TARRANT, Executor, Appellant.

*April 4—April 24, 1917.*

*Master and servant: Recovery for services: Receipt in full procured by fraud: Evidence: Limitation of actions: Pleading: Setting aside waiver: Discretion: Claims against decedent.*

1. In an action to recover the value of services as a farm hand, the evidence is *held* to sustain a finding by a referee, confirmed by the trial court, to the effect that there was fraud on the part of the employer in procuring the execution by plaintiff of receipts which purported to be in full of all demands.
2. Failure of the defendant in such case to plead the statute of limitations either by an answer or by demurrer was a waiver of that defense.
3. The original defendant having died after the trial of the case before a referee, and her executor, after the action had been revived, having adopted and stood upon her answer, which did not plead the statute of limitations, there was no abuse of discretion in refusing to set aside the waiver and permit such statute to be pleaded by the executor after the case had been tried a second time and was ready for final judgment.
4. Sec. 3841, Stats. 1915, providing that no claim barred by the statute of limitations shall be allowed by the county court against an estate, is limited by its terms to claims presented in that court and has no application to an action brought in circuit court before the death of the testator.

APPEAL from a judgment of the circuit court for Pepin county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

The action is on implied contract to recover the value of

more than sixteen years of service as a farm hand.  The action was brought in the lifetime of the defendant's testator, Mrs. M. L. Howard.  The defenses pleaded were a general denial and settlement in full.  The cause was referred to J. R. Matthews as referee to hear, try, and determine, and was tried during the lifetime of Mrs. Howard.  She died, however, before the referee made his report.  Thereupon the action was revived in the name of the defendant executor, a supplemental complaint was filed by the plaintiff, the defendant adopted and stood upon the answer already served and filed, and the cause was again referred to the same referee and tried upon the testimony taken on the previous hearing.

The referee reported that the plaintiff performed work as an ordinary farmhand for Mrs. Howard for a period amounting to sixteen years and two months between January 1, 1894, and January 1, 1913, without agreement as to the price, and that such services were reasonably worth $23 per month, amounting in the aggregate to $4,462; that payments had been made thereon amounting to $1,839.30; that receipts were given by the plaintiff on the making of two of said payments dated respectively January 6, 1900, and February 10, 1913, each of which contained the words "in full of all demands;" that Mrs. Howard was an intelligent, self-reliant, strong-minded person, while the plaintiff is ignorant, dull, and unable to read or write except to write his name in German; that Mrs. Howard drew said receipts but did not explain their contents to the plaintiff; that plaintiff kept no accounts, did not know the value of his services nor the amount which had been paid thereon, and signed the receipts believing them to be only receipts for the property or money named in them; that there was fraud on the part of Mrs. Howard in procuring the execution of said receipts, and that they should be set aside so far as they purported to be receipts in full; that the statute of limitations had not been pleaded

as a defense in the action; and that the balance due at the time of the commencement of the action was $2,622.70, for which sum, with interest and costs, judgment should be rendered in favor of the plaintiff.

The court confirmed the report of the referee, and rendered judgment accordingly.

For the appellant there was a brief by *C. M. Hilliard* of Durand, attorney, and *Freeman & Freeman* of Menomonie, of counsel, and oral argument by *Mr. Hilliard*.

For the respondent the cause was submitted on the brief of *W. E. Plummer* of Durand.

WINSLOW, C. J.    In this case it is held:

1. The findings of fact are amply supported by the evidence and hence cannot be set aside.

2. In view of the long and intimate relations of the parties, the disparity in their intelligence, mental force, and education, the trust which the plaintiff evidently placed in the deceased, and the influence she had over him, it is considered that the conclusion that the deceased fraudulently procured his signature to the receipts is justified by the evidence.

3. The defense of the statute of limitations was waived by the testator by failure to set it up by answer or demurrer. Sec. 4206, Stats.

4. There was no abuse of discretion in refusing to set aside the waiver and permit the statute to be pleaded by the executor, inasmuch as the executor had adopted the answer of the deceased.    The case had been twice tried and the action was ready for final judgment when the motion was made.

5. Sec. 3841, Stats. 1915, providing that no claim barred by the statute of limitations shall be allowed by the county court against an estate, is limited by its terms to claims presented in that court and has no application to an action brought in circuit court before the death of the testator.

*By the Court.*—Judgment affirmed.