ESTATE OF GETCHELL : BURNETTE, Respondent, vs. McDER-MID, Executor, Appellant.

*March 7—June 6, 1933.*

For the appellant there was a brief by *E. S. Jedney* of Black River Falls and *Frawley, Stolts & Tronsdal* of Eau Claire, and oral argument by *William H. Frawley*.

For the respondent there was a brief by *Perry & Perry* of Black River Falls, and oral argument by *H. M. Perry*.

The following opinion was filed April 11, 1933:

ROSENBERRY, C. J.   The first contention of the appellant is that the evidence offered and received in the case is insufficient to sustain the findings of the trial court establishing the contract between the claimant and the deceased, Julia A. Getchell.   This claim is based in part upon the fact that when the deceased did convey the real estate pursuant to the arrangement, there was inserted in the deed a provision as follows: "That in consideration of $1 and for the support and keep of the grantor as one of the members of the grantee's family, to eat at his table and to be used as one of the members of his family, also to keep a horse for the grantor and the necessary equipment to go with the same, and to pay her the sum of one hundred twenty-five dollars per year, during her natural life; the said sum of $125 to be paid, one-half on the 1st day of January and one-half on the first day of July in each year.   To pay all doctor bills, medicines, nursing expenses and burial expenses at the time of the grantor's death.   The grantor to have the use of the parlor and two bedrooms downstairs; and the grantee to furnish fuel for stoves for the grantor; all household property of the grantor, which is now hers, to remain in her possession and under her control," and to do certain other things with reference to the preservation of the property, payment of taxes, etc.; that this constitutes a contract between the parties, and that oral evidence was not admissible to vary the terms of the contract or to add to the same.   We have carefully ex-

amined the evidence offered to sustain the findings of the trial court to the effect that the deceased did enter into an agreement to convey all her property and find the same sufficient within the rule laid down in *Estate of Powell*, 206 Wis. 513, 240 N. W. 122, and cases there cited.

No useful purpose would be served by setting out the facts and circumstances in this case. Such a contract being established, the fact that it was in part or in whole set out in the deed did not preclude the claimant from establishing the true consideration for the deed given him, in which deed one dollar was recited as the consideration. Claimant might show the entire contract and the true consideration for the contract. Appellant's contentions upon that branch of the case must be overruled.

While it is true that the court received some evidence from witnesses who were incompetent to testify, there was ample competent evidence to sustain the findings, and under the well established rule we must hold that the court disregarded any evidence received from incompetent witnesses. *Johnson v. Bank of Wisconsin*, 163 Wis. 369, 158 N. W. 59.

· It may well be that the court should have awarded specific performance instead of a money judgment. In view of the fact that the contract as established required a conveyance of all of the property, if the amount awarded, $2,500, is more than the total value of the estate, the claimant will receive all of the property. If the property remaining is of more value than $2,500, the judgment should stand because the claimant has not appealed and finds no fault with the judgment as rendered.

We have considered all matters urged in the brief of appellant's counsel and find no reversible error.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 6, 1933.