MURPHY, Respondent, vs. BURNS, Executor, Appellant.

*October 9—November 6, 1934.*

For the appellant there were briefs by *Fiedler & Garrigan* of Beloit and *Thomas E. Gill* of Rockford, Illinois, and oral argument by *E. C. Fiedler.*

For the respondent there was a brief by *Woolsey, Caskey, Woolsey & Hopper* of Beloit, and oral argument by *T. D. Woolsey* and *T. D. Woolsey, Jr.*

WICKHEM, J.   It is the contention of defendant that all claims for services rendered by claimant prior to May 4, 1927 (six years before Mrs. Clarke's death), are barred under the statute of limitation, and that there is nothing in the record from which it may be concluded that there existed between the parties an open and mutual account which would take the case out of the statute under the rule of *Laughnan v. Estate of Laughnan,* 165 Wis. 348, 162 N. W. 169.

The facts are not in dispute.   About August, 1918, claimant came to live with deceased and her husband in a house located on Riverside drive, Beloit.   It is conceded that she performed services for decedent and her husband, and that decedent promised that claimant would be devised the Riverside drive home as compensation for her services.   After the

death of decedent's husband, decedent sold the Riverside drive home and purchased another on Merrill avenue in Beloit. Decedent and claimant moved into this house under an agreement that as compensation for services theretofore rendered and thereafter to be rendered, claimant would be given the Merrill avenue home upon the death of decedent. Claimant lived with decedent until April, 1929, and the death of decedent occurred May 4, 1933.

If defendant's contention with respect to the statute of limitations is correct, claimant is entitled to recover the sum of $520 with interest. We see no escape from this contention. It was definitely held by this court in *Estate of Leu,* 172 Wis. 530, 179 N. W. 796, that where an oral, and consequently void, promise to devise real estate is made as a consideration for services, a cause of action for the reasonable value of the services, as in other cases of implied contract, accrues when the services are rendered. It is quite different if the agreement to compensate is valid, as, for example, an oral promise to pay upon death or by legacy. *Estate of Leu, supra.* In this case it is clear that the promise was oral and was to compensate claimant by the devise of real estate. The agreement was unquestionably void and effective only to rebut an inference that the services were intended to be gratuitous. Under these circumstances the doctrine of the *Leu Case* applies and the cause of action accrued upon the rendering of services, unless there existed between the parties a mutual or open account, calling for application of the doctrine of the *Laughnan Case, supra.* We discover nothing in the record upon which to base a conclusion that the dealings between the parties gave rise to an open and mutual account. It is contended that claimant rendered services; that she received her board and room, and was to have the balance of her compensation in the form of a devise of real estate. It is claimed that the board and room furnished constitutes a

charge against claimant, and that the services rendered are a charge against the estate. This is claimed to constitute an account. We cannot assent to this conclusion. There were no cash transactions, and due to this and to the character of the agreement, there was no occasion for accounting. The claimant gave her services in return for her board and room and certain real estate which she was to receive at decedent's death. The claimant might die the next day. Whether decedent lived for one day or for forty years, the stipulated compensation was the same. So far as the term "accounting" implies any sort of a statement or course of dealings between the parties, which must be investigated in order to settle their rights, there is no evidence of its existence here, and as stated, it would be entirely unnecessary in view of the character of the agreement. *State ex rel. Hustisford L., P. & M. Co. v. Grimm,* 208 Wis. 366, 243 N. W. 763. Claimant relies upon a statement in the *Laughnan Case* that "payments being made from time to time in money in small amounts and during all the time in board and keep . . . where the services continue to the death of the promisor and a claim therefor is seasonably filed against the estate, the statute of limitations does not apply." With respect to this contention it may simply be remarked that there are here no cash items, and if it is important, in view of the *Leu Case,* that there was no continuity of services up to the time of death.

The final contention of claimant is based on the fact that in September, 1931, decedent went to a home or hospital in Freeport, Illinois, and remained there until the time of her death. It was determined by the trial court that this constituted a temporary absence from the state, and there is no claim that this finding is not supported by the evidence. It is contended, however, that since during this period decedent was actually out of the state and beyond the reach of civil process, the statute of limitations was tolled during the period

of her absence from the state. This contention cannot be sustained. *Farr v. Durant,* 90 Wis. 341, 63 N. W. 274; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229. In the latter case the court said:

"Departing from the state and remaining absent a large portion of the time do not necessarily prove that the party so departing has changed his residence. The proof was not sufficient to show that the deceased departed from and resided out of the state; . . ."

There is a distinction between cases where, after the accrual of a cause of action, the party against whom the cause of action exists "shall depart from and reside out of this state," and cases where, when a cause of action accrues, the person against whom it accrues "shall be out of the state." For cases construing the provisions of the statute applicable to the latter situation, see *Adkins v. Loucks,* 107 Wis. 587, 83 N. W. 934; *Parker v. Kelly,* 61 Wis. 552, 21 N. W. 539; *Estate of Gilbert,* 167 Wis. 291, 166 N. W. 442, 167 N. W. 447; *Rauch v. Bensman,* 200 Wis. 36, 227 N. W. 253.

The foregoing results in the conclusion that claimant is entitled to recover only for such charges for services as accrued within six years of the death of decedent. Since the claim is unliquidated, claimant is entitled to interest upon this amount from the time her claim was filed. *Farr v. Semple,* 81 Wis. 230, 51 N. W. 319; *Tucker v. Grover,* 60 Wis. 240, 19 N .W. 62; *Marsh v. Fraser,* 37 Wis. 149; *Yates v. Shepardson,* 39 Wis. 173; *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with this opinion.