ESTATE OF GOYK: GOYK, Executrix, Plaintiff, vs. GOYK, Defendant. [Two appeals.]

*November 5—December 4, 1934.*

The cause was submitted for the plaintiff on the brief of *Gauer & Kufalk* of Milwaukee, and for the defendant on that of *Rowan, Kalaher & Stoecker* and *Lorenz & Lorenz,* all of Milwaukee.

FAIRCHILD, J. The claimant, a son of Filippina Goyk, claims to have performed services for his mother while a member of her household on the promise that the real estate owned by her would be given to him upon her death. The agreement was not in writing. The services began in 1906. He also claims to have advanced cash and to have paid the taxes in the years 1914 and 1916. He kept no records. In giving his testimony he relies entirely upon his memory as to the character of the services rendered, the time of their performance, and their value. His mother died August 15, 1931. Such an agreement having been made, it would constitute sufficient evidence to rebut the presumption that the services were rendered gratuitously. *Estate of Goltz,* 205

Wis. 590, 238 N. W. 374. The oral promise to convey land being void, the claimant is obliged to find his relief in a cause of action for the reasonable value of his services, compensation for which became due when the services were rendered. *Estate of Leu,* 172 Wis. 530, 179 N. W. 796; *Murphy v. Burns, ante,* p. 248, 257 N. W. 136. The statute of limitations having begun to run immediately after the services were rendered, all items accruing more than six years before his mother's death are outlawed. The evidence fails to be at all persuasive that any services of value were performed by Leon Goyk within the six-year period, and, because of his failure to meet the burden of proof with respect thereto, no allowance can be made.

The claimant urges that because of the failure on the part of the executrix to plead the statute of limitations, she cannot rely upon that defense. But sufficient answer to that contention may be found in sec. 313.05, Stats., which requires that the county court disallow claims barred by the statute of limitations. *Dreger v. Tarrant,* 165 Wis. 414, 162 N. W. 481; *Murtha v. Donohoo,* 149 Wis. 481, 134 N. W. 406, 136 N. W. 158; 4 Bryant's Wis. Pl. & Pr. (Boesel & Henderson ed.), p. 365, § 704.

There are no facts established which are capable of supporting a finding of any amount due claimant from his mother for services rendered within six years of her death.

*By the Court.*—Judgment reversed upon the appeal of the executrix, and cause remanded with directions to dismiss the claim.