Kessler, Respondent, vs. Olen, Executor, Appellant.

*May 16—October 11, 1938.*

For the appellant there were briefs by *Schmitt & Schnabel* of Merrill, and oral argument by *L. F. Schmitt.*

For the respondent the cause was submitted on the briefs of *Eberlein & McCarthy* of Shawano.

The following opinion was filed June 21, 1938:

FOWLER, J. We assume that the findings of both jury and trial judge recited in the statement of facts preceding

the opinion are supported by the evidence. The crucial point of the case is not whether the facts are as found, but whether the facts found constitute a valid contract. If they do the judgment was correct.

The appellant's principal assignment of error is that, as the decedent's property consisted partly of real estate, the oral agreement to give it to the claimant by will is void. It is void as to the real estate for want of a writing expressing the consideration signed by the party charged as required by sec. 240.08, Stats., and being void as to the real estate and being indivisible, it is void in its entirety and of no force except to rebut the presumption that the services to be performed by the daughter were gratuitous. A long line of cases support this contention. *Ellis v. Cary,* 74 Wis. 176, 42 N. W. 252; *Martin v. Estate of Martin,* 108 Wis. 284, 84 N. W. 439; *Loper v. Estate of Sheldon,* 120 Wis. 26, 97 N. W. 524; *Dixon v. Sheridan,* 125 Wis. 60, 103 N. W. 239; *Laughnan v. Estate of Laughnan,* 165 Wis. 348, 162 N. W. 169; *Estate of Leu,* 172 Wis. 530, 179 N. W. 796; *Estate of Brill,* 183 Wis. 282, 197 N. W. 802; *Murphy v. Burns,* 216 Wis. 248, 257 N. W. 136; *Estate of Goyk,* 216 Wis. 462, 257 N. W. 448. The rule of these cases has been so firmly established in this jurisdiction by the decisions of this court that there is no need to consider cases to the contrary in other jurisdictions if there be such.

The trial judge in a short written opinion filed, states that he considered the case ruled by *Estate of McLean,* 219 Wis. 222, 262 N. W. 707, and *Torgerson v. Hauge,* 34 N. D. 646, 159 N. W. 6, with a note in connection reported in 3 A. L. R. 172. The *McLean Case* is not in point because the oral contract there made did not involve the statute of frauds. The testator there did not agree by his will to give the legatee any real property. His agreement would be fully met by a bequest of personal property. Moreover, the

agreement there made was fully executed on both sides. The legatee released his claim for damages and the testator executed the will. The one was the consideration for the other. The case involved no performance of service by the legatee.

In the *Torgerson Case,* while it involved on the one hand an oral agreement to will a particular farm and on the other an agreement to perform the kind of service here involved, the agreement was followed by the one who was to perform the service taking possession of the farm, making improvements thereon, and performing the service promised for fifteen years. The ruling in that case was based upon the doctrine of specific performance which takes a case out of the statute of frauds. That case is like that of *Estate of Powell,* 206 Wis. 513, 240 N. W. 122, where an oral contract to will or convey a farm in consideration of performance of service similar to that here involved was enforced because of specific performance by the promisor of the service by taking possession of the farm, making improvements thereon, and continuance of the service up to the time of the death of the other party to the contract.

Counsel for respondent cites several other Wisconsin cases which he contends support the instant judgment to which we will briefly refer. *Dilger v. Estate of McQuade,* 158 Wis. 328, 148 N. W. 1085, and *Estate of Soles,* 215 Wis. 129, 253 N. W. 801, both involved contracts in writing, established by letters, which expressed the consideration for the transfer of the property, *i. e.,* the services to be performed. *Estate of Powell, supra,* has already been referred to. *Estate of Getchell,* 211 Wis. 644, 247 N. W. 859, is like the *Powell Case.* In *Estate of Lube,* 225 Wis. 365, 274 N. W. 276, the contract was made by letters. In this case a will was executed by one who promised to transfer all his property, but the will so made pursuant to his promise "ex-

pressed the consideration" as services to be performed, and his signature to the will, and the consideration therein expressed satisfied the statute of frauds although the will itself was void for insufficiency of its execution. The instant will did not express such consideration or any other.

Two cases of joint wills are relied on by respondent as supporting the judgment. In the first, *Doyle v. Fischer,* 183 Wis. 599, 605, 198 N. W. 763, it is stated as a general proposition :

"Where an agreement is entered into by two persons, and especially by husband and wife, to make mutual and reciprocal wills disposing of their separate estates pursuant to their mutual agreement, and where mutual and reciprocal wills are made in accordance with that agreement, and where, after the death of one of the agreeing parties, the other takes under the will and accepts the benefits of said agreement, equity will enforce specific performance of said oral agreement and prevent the perpetration of fraud which would result from a breach of the agreement on the part of the one accepting the benefits thereof."

The second, *Allen v. Ross,* 199 Wis. 162, 164, 225 N. W. 831, states the rule as declared in the *Doyle Case,* as follows :

"When two persons enter into an agreement to make, and do actually make, mutual and reciprocal wills by which each bequeaths her estate to the other, if she survives, and the survivor takes under such a will and accepts the benefit of such a mutual will and accepts the benefit of such a mutual agreement, equity will take such action as may be necessary to give effect to the mutual agreement that the property of the survivor shall go to the person designated by such agreement."

The basis of the rule of these cases is that where joint wills are made and one of the parties, after the other has died with a will in force as agreed upon, has taken the property and received the benefit of the will of the other, to per-

mit the one to do with the property received from the other otherwise than by the other's will directed would perpetrate a fraud. This is the basis of the rule in cases of void contracts to convey land. *Marshall & Ilsley Bank v. Schuerbrock,* 195 Wis. 203, 217 Wis. 416; *Papenthien v. Coerper,* 184 Wis. 156, 198 N. W. 391. For like reason fraud takes cases of promises to devise land outside the statute of frauds,—whatever the circumstances are that would perpetrate a fraud. If under the circumstances of the instant case it would work a fraud upon the claimant to deny enforcement of the oral agreement, she would, under the reason of the rule above stated, be entitled to the judgment entered. But no fraud is practiced upon her if she receives due compensation for the services rendered pursuant to the agreement made. To allow in *quantum meruit* a different compensation than that agreed upon in a void contract does not work a fraud.

It is true that it is stated in the *Doyle Case, supra,* p. 608, that:

"It seems scarcely necessary to say that even though the agreement rested in parol and was void under the statute of frauds so far as it related to real estate, there has been such a part performance thereof that equity will enforce its complete performance."

But we consider that the reference there made to "part performance" was inconsiderately made. The performance involved in the *Doyle Case* was complete on the husband's part. Those claiming under his will were the ones seeking to enforce the contract. The contract was fully executed by him. He completely executed his part of the agreement by signing the joint will and leaving it in force when he died. The oral agreement was as fully executed by the husband as an oral agreement to convey real estate is when conveyance is subsequently made pursuant to the oral agreement. The

performance, complete or partial, that supports specific performance of oral contracts void under the statute of frauds is performance by the party seeking to enforce the contract, not performance by the other party, so that mere execution of a will of real estate by a party promising to make it does not enable the other party to enforce the promise. Moreover, the joint will involved in the *Doyle Case* bore on its face evidence of the consideration for the promise to transfer. The situation was as in the *Lube Case, supra,* where the will made pursuant to the oral agreement recited the consideration. That wills so reciting satisfy the statute of frauds has been held or implied in many cases: *Lube Case, supra; Robinette v. Olsen,* 114 Neb. 728, 209 N. W. 614, 615; *Bolman v. Overall,* 80 Ala. 451, 2 So. 624; that such is the rule is implied in the following cases wherein for want of such recitation or reference to the void agreement the will was held not to satisfy the statute: *Holz v. Stephen,* 362 Ill. 527, 200 N. E. 601; *Hathaway v. Jones,* 48 Ohio App. 447, 194 N. E. 37; *Sorber v. Masters,* 264 Pa. 582, 107 Atl. 892; *Brought v. Howard,* 30 Ariz. 522, 249 Pac. 76; *White v. McKnight,* 146 S. C. 59, 143 S. E. 552.

It is true that decisions in different jurisdictions are seemingly at variance upon some of the points above discussed, but the great weight of authority supports the views we have expressed. The subject is discussed in notes in 3 A. L. R. 174, and 69 A. L. R. 14, and a multitude of cases are cited and stated. Regardless of what decisions may be in other jurisdictions we consider that our own decisions, upon both reason and authority, require reversal of the instant judgment and a remanding of the record for a new trial as to the reasonable value of the services performed by the claimant for the decedent. Upon such new trial it may appear that decedent's placing his savings and cash bank accounts in a joint account with himself placed the funds beyond his power to reclaim them wholly to himself. The

rights of the parties to these accounts, and perhaps to the certificates of deposit if they were made payable to the decedent or the claimant, are doubtless governed by our recent decisions in *Estate of Skilling,* 218 Wis. 574, 260 N. W. 660, and *Estate of Staver,* 218 Wis. 114, 260 N. W. 655.

The appellant assigns as error the transmission of the case to the circuit court for trial. Whether under *State ex rel. Peterson v. Circuit Court,* 177 Wis. 548, 188 N. W. 645, it would have been properly transmitted, were the case properly one for specific performance or declaration of a trust, it is apparent that as the case now stands it is properly for retrial in the circuit court by a jury. Demand for a jury trial was made by the claimant, and timely demand for sending the case to the circuit court for trial was made pursuant to sec. 324.17, Stats., subs. (2) and (8). Had the agreement relied upon been valid, under *Dilger v. Estate of McQuade, supra,* the case would have been for trial by a jury.

Appellant also assigns as error denial of the motion to make the claim more definite and certain. It does not appear that the court erred in this respect. However, the denial of that motion should not preclude the appellant from making another such motion or a motion for a bill of particulars as to items of damage claimed, to enable the defendant to prepare for the retrial.

The respondent moves for a review of the action of the trial court in refusing to pass upon its request to "determine what fees, if any, the administrator [executor] and the various attorneys should receive in this action." It is claimed that under sec. 324.17 (8), governing cases sent to the circuit court for trial because a jury was demanded, it was obligatory on the circuit court to grant the request. The statute provides that in such a case the circuit court may determine the fees or compensation of attorneys or executors where the county court has power to fix them, but we do not perceive that it is mandatory on the court to do so.

Upon retrial statutory costs should manifestly be allowed by the circuit court depending upon the event of the trial. If by its judgment upon the claim the circuit court remands the record for further proceedings in the county court, as it plainly may do under the statute cited, there is nothing in the statute making it mandatory on the circuit court to fix fees of either the executor or his attorney.

*By the Court.*—The judgment of the circuit court is reversed, and the record remanded for further proceedings in accordance with the opinion.

The following opinion was filed October 11, 1938:

FOWLER, J. (*on motion for rehearing*). A motion for rehearing has been made by the respondent. Only one point is raised that was not raised in the original briefs and duly considered by the court. We see no reason to rediscuss any of the matters discussed in the original opinion.

The proposition newly raised is that the will referred to in the opinion made pursuant to the oral agreement and afterward revoked by the making of a later will had a scroll "Seal" attached to the testator's signature. It is claimed that a contract to convey land that is under seal is not within the section of the statute of frauds requiring such a contract to express the consideration because the seal imputes consideration. *Johnston v. Wadsworth,* 24 Or. 494, 34 Pac. 13, 15, is cited to this effect and so holds. It is also pointed out that this court and others cited have held that a writing under seal promising to answer for the debt or miscarriage of another is not within the section of the statute of frauds relating to such promises because the seal imports consideration. *Kuener v. Smith,* 108 Wis. 549, 84 N. W. 850; *Gregory v. Logan,* 7 Blackf. (Ind.) 112; *Edelen v. Gough,* 5 Gill. (Md.) 103; *Douglass v. Howland,* 24 Wend. (N. Y.)

35.  And it is argued that upon reason the same rule should apply to the section of the statute of frauds relating to contracts to convey land that applies to promises to answer for the debt of another.  Page, Contracts, § 1396, states it as a general rule that the statute of frauds does not apply to sealed instruments and cites *Williams v. Morse,* 95 U. S. 444, 24 L. Ed. 360, and *Buttz v. Colton,* 6 Dak. 306, 43 N. W. 717, as to that effect.  For a discussion as to the effect of a seal on written contracts see also *Singer v. General Acc., F. & L. Assur. Corp.* 219 Wis. 508, 262 N. W. 702.

However it may be as to the effect toward rendering unnecessary expression of consideration of a seal upon written contracts to convey land, a point which we do not decide because not here involved, we are of opinion that a seal attached to a will made pursuant to an oral agreement to convey land, to constitute a valid memorandum of the agreement must show the consideration.  A will is valid without a seal.  A seal upon it has no effect whatever.  A consideration is not essential to validate a will.  A will is not a contract and the rule as to the effect of a sealed instrument upon a contract has no application to wills.  We think it plain that the seal upon a will made pursuant to an oral promise to convey land does not operate to dispense with the provision of the statute of frauds requiring consideration to be expressed in order to make it a memorandum in writing signed by the promisor sufficient under the statute.  Such a rule would lead to astonishing results and change the rule as to revocation of wills in an important respect.  For example, a father upon no consideration but love and affection might orally promise one of his children to devise him a certain parcel of land, or even to will him all his property to the exclusion of his other children and execute a will accordingly.  The will would be irrevocable.  Upon mere proof of the oral prom-

ise, a later will revoking the former one and making other disposition of the father's estate or destruction of the will by the father *animo revocandi* would become ineffectual, and the first will be in effect, regardless of change of mind of the father however justified by change of circumstances.

Respondent cites some cases not called to our attention in the original brief to the effect that the mere execution of a will made pursuant to an oral promise upon consideration is sufficient to warrant specific performance. *Denevan v. Belter,* 232 Mich. 664, 206 N. W. 500, and *Naylor v. Shelton,* 102 Ark. 30, 143 S. W. 117, are to this effect, but they are contrary to the weight of authority, and contrary to the ruling of this court in *Dixon v. Sheridan,* 125 Wis. 60, 103 N. W. 239, that a will made pursuant to an invalid oral agreement to transfer personal property and land does not operate to validate such an agreement.

Counsel for respondent also cites *Stahl v. Stevenson,* 102 Kan. 447, 171 Pac. 1164, to the point that the fact that property is partly personal and partly real estate does not invalidate an oral agreement on consideration to convey or will. In that case the estate consisted of both land and personalty. The agreement was to leave an heir the portion of the estate he was entitled to by descent, and it was held not within the statute of frauds. However that holding is contrary to two express holdings of this court. It is true that nearly all of the cases in this court involving oral agreements to convey or will, referred to land, but two of them, *Loper v. Estate of Sheldon,* 120 Wis. 26, 97 N. W. 524, and *Estate of Brill,* 183 Wis. 282, 197 N. W. 802, did not. In the former the agreement was to bestow the bulk of all the property the promisor possessed, and his property consisted largely of real estate. In the latter the agreement was to will twenty-five per cent of the property of which the promisor died possessed and he possessed both real and personal

property. The statute of frauds was held to apply in both cases.

It is urged by the movant that certain language of the opinion herein quoted from the *McLean Case,* 219 Wis. 222, 262 N. W. 707, leads to the conclusion that the making of the will in the instant case constituted performance of the oral agreement. The language is "moreover, the agreement there made was fully executed on both sides. The legatee released his claim for damages and the testator executed the will. The one was the consideration for the other. The case involved no performance of service by the legatee." This language was used in connection with a valid oral contract and a will left by the testator in effect at his death, and under those circumstances seems to the writer manifestly correct, and not to apply to the instant situation where the oral agreement was invalid, the will revoked, and service was to be performed by the legatee. Counsel argues that the following language in the opinion of the *McLean Case* applies to the instant situation (p. 227) :

"A will made under an agreement based upon a valuable consideration is contractual as well as testamentary, and equity will enforce the provision made for the promisee. A will so made cannot be revoked by the testator so as to defeat the bequest or devise made by it pursuant to his agreement. Nor can the testator destroy the effect of a provision therein so made by making a subsequent disposition by will of the property so devised or bequeathed by the first will. He cannot so avoid his contract which he has performed."

But this language is used with reference to a valid oral agreement to transfer and as so applied is correct. It was not intended to apply and has no application to an invalid oral agreement to transfer like the instant one.

We have referred to these statements in the opinions in the *McLean* and the instant cases because counsel for mov-

ant has stated in his brief that they are confusing to him and in the hope that the differences in the situations in the two cases to which we have called attention will tend to avoid confusion in the minds of others. We perceive no inconsistency between the two opinions.

*By the Court.*—The motion for rehearing is denied with $25 costs.