ESTATE OF ANDERSON, Claimant, Respondent, vs. ROCK, Administrator, Appellant.

*January 12—February 9, 1943.*

For the appellant there was a brief by *Powell & Sprowls* of Superior, and oral argument by *John S. Sprowls*.

For the respondent the cause was submitted on the brief of *Cadigan & Cadigan* of Superior.

ROSENBERRY, C. J. Appellant's first contention is that the evidence does not sustain the finding of the court as to the extent and value of services rendered by the wife to the husband. After a careful examination and consideration of the record, it is considered that the evidence sustains the finding made by the trial court as to the extent and value of the services rendered. No useful purpose will be served by setting out the evidence in detail.

Appellant's second contention is that so much of the claim as arose more than six years prior to the death of the husband is barred by sec. 330.19, Stats., commonly referred to as the six-year statute. While there is enough evidence in the case to rebut the presumption that under the circumstances of this case the services were rendered gratuitously, we find no evidence to support the finding that at the time the husband returned to his home in 1928, after the divorce, he promised to pay at death for such services as his wife should perform. The only testimony given that even looks that way was that of the daughter, Georgia Jackson. She testified:

"After the divorce, my mother and I moved to Duluth. The second day after all the papers were settled in the divorce my father came back there. That was some time in the fall of 1928. I think it was in November. He was very nice, and he said—at that time he was in his 70's, and he said, if we'd forget all the grievances he told mother this: If she would allow him to make his home with her again, he would see that she would be benefited by the rest of his property. He said he had no income because mother got the place from which he got the income, and he didn't want to lose his property [the farm], and if she would work with him again, he could hold it. He said she would get the property in return for her services. He said that off and on, whenever he needed extra money or help. Sometimes mother wouldn't have so much money—

and he'd say, 'I think it will be all right after I'm gone' and 'If you are a little patient now, you'll come out all right.' "

If this be considered as an agreement to transfer the property to the wife by will, it was void not being in writing. *Estate of Goyk* (1934), 216 Wis. 462, 257 N. W. 448; *Kessler v. Olen* (1938), 228 Wis. 662, 280 N. W. 352, 281 N. W. 691.

The claim for services rendered more than six years prior to the death of the father is under the statutes barred by the six-year statute of limitations. As opposed to this the respondent cites *Estate of Kessler* (1894), 87 Wis. 660, 59 N. W. 129, where it was held that a cause of action *quantum meruit* did not accrue until the death of the aunt who had expressly agreed to devise and bequeath real and personal property to her nephew as compensation for services rendered to her. The respondent also cites *Smith v. Freng* (1923), 182 Wis. 349, 193 N. W. 996; 196 N. W. 887, 197 N. W. 170, and *Laughnan v. Estate of Laughnan* (1917), 165 Wis. 348, 162 N. W. 169. In each of these cases there was an express agreement to pay a debt. There is no such express agreement in this case. There is nothing to indicate that the wife ever agreed to anything. After the husband returned to the home they lived as a family thereafter as they had theretofore. The court therefore erred in allowing compensation for half-time services for the entire period. The claimant was entitled to recover for half-time service for the six years prior to the death of the husband and no more, and judgment should be entered for the claimant on that basis.

*By the Court.*—Judgment is reversed, and cause remanded with directions to enter judgment for the plaintiff as indicated in the opinion.